CLINTON HAROLD RITCHIE, *Petitioner,*

*v.*

BOARD OF PAROLE, *Respondent.*

(No. 137-P, CA 10194)

587 P2d 1036

Gary D. Babcock, Public Defender, and James E. Mountain, Jr., Deputy Public Defender, Salem, for petition.

No appearance contra.

JOSEPH, J.

## JOSEPH, J.

Petitioner asks that we reconsider our prior opinion (35 Or App 711, 583 P2d 1 (1978)) on the ground that ORS 144.343 and the rules promulgated thereunder[1]

---

[1] ORS 144.343 provides in pertinent part:

"* * * * *

"(3) Within a reasonable time prior to the hearing, the board or its designated representative shall provide the parolee with written notice which shall contain the following information:

"* * * * *

"(f) The parolee's right to be represented by counsel and, if indigent, to have counsel appointed at state expense if the board or its designated representative determines, after request, that the request is based on a timely and colorable claim that:

"(A) The parolee has not committed the alleged violation of the conditions upon which he is at liberty; or

"(B) Even if the violation is a matter of public record or is uncontested, there are substantial reasons which justify or mitigate the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present; or

"(C) The parolee, in doubtful cases, appears to be incapable of speaking effectively for himself.

"(4) At the hearing the parolee shall have the right:

"* * * * *

"(d) To be represented by counsel and, if indigent, to have counsel provided at state expense if the request and determination provided in paragraph (f) of subsection (3) of this section have been made. If an indigent's request is refused, the grounds for the refusal shall be succinctly stated in the record."

OAR 254-70-015 provides:

"Within a reasonable time before a hearing which may result in the revocation of active parole status, the parolee shall be interviewed and receive a notice containing the following information:

"* * * * *

"(6) The parolee's right to be represented by counsel, and, if indigent, to have counsel appointed at state expense if the Board or its designated representative determines, after request, that the request has merit in view of the total situation, and it is claimed that:

"(a) the parolee has not committed the alleged violation of parole conditions; or

"(b) even if the violation is a matter of public record or is uncontested, there are substantial and complex reasons which make revocation inappropriate; or

"(c) the parolee, in doubtful cases, appears to be incapable of speaking effectively for himself."

[ 387 ]

violate Article I, section 20 of the Oregon Constitution[2] insofar as they provide an unqualified right to be represented by retained counsel but only a qualified right to appointed counsel in parole revocation proceedings. Although that argument was considered and rejected in our prior opinion, we agree that amplification of the issue is desirable.

Petitioner concedes that neither the Due Process nor the Equal Protection clauses of the Fourteenth Amendment requires appointment of counsel in all parole revocation proceedings in which retained counsel is allowed. He argues that Article I, section 20 of the Oregon Constitution should be read to require more in this context than the Fourteenth Amendment. *See State v. Flores,* 280 Or 273, 570 P2d 965 (1977). He places particular reliance on *Perry v. Williard,* 247 Or 145, 427 P2d 1020 (1967), and suggests that we treat that case as if it held that Article I, section 20 required the appointment of counsel for indigents in all probation revocation cases because there was no limitation on the right to retain counsel. That would be wrong. Neither Article I, section 20 nor any other provision of the Oregon Constitution was mentioned in *Perry.* In the single paragraph concerning "equal protection" (247 Or at 149) the court cited only a Fourteenth Amendment case. Moreover, *Perry* was based primarily on due process principles. The court stated:

> "We now hold that counsel is not only desirable but is so essential to a fair and trustworthy hearing that due process of law when liberty is at stake includes a right to counsel." 247 Or at 149.

Immediately after that sentence in the next paragraph the court concluded:

> "Accordingly, if a probationer with money is entitled to retained counsel, an indigent is entitled to appointed counsel." 247 Or at 149.

_____

[2] Art I, § 20 of the Oregon Constitution:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities which, upon the same terms, shall not equally belong to all citizens."

Although we do not fully understand the use of the word "accordingly," it apparently indicated that the court considered the "equal protection" analysis somehow dependent upon the due process analysis. *Perry* did not involve a system like that established by ORS 144.343 in which appointed counsel is guaranteed in all cases where counsel would be likely to be of assistance.

Whether the protection afforded by Article I, section 20 of the Oregon Constitution in this context is greater than or the same as that afforded by the Equal Protection Clause of the Fourteenth Amendment is a question we need not decide. In *Olsen v. State ex rel Johnson,* 276 Or 9, 554 P2d 139 (1976), the court was faced with a challenge to the Oregon school funding system based on Article I, section 20. The court refused to adopt the "fundamental interest-strict scrutiny" approach of *San Antonio School District v. Rodriguez,* 411 US 1, 93 S Ct 1278, 36 L Ed 2d 16 (1973). Instead, the court applied a "balancing test," weighing the "detriment to the education of the children of certain districts against the ostensible justification for the scheme of school financing." 276 Or at 20. A balancing test should be applied to the interests involved here.

Article I, section 20 of the Oregon Constitution has never been read to require that the state furnish counsel to indigents in every case in which persons of means might be able to employ counsel. The constitution does not require that the state furnish to all that which can be purchased by some. Where counsel is necessary to insure a person assistance necessary to defend constitutionally protected interests from action by the state, the state's interests in economy, expedience and informality are outweighed by the interests of the individual, and appointed counsel would generally be required. In this instance, however, the question is whether the state is required to furnish counsel at public expense solely because some persons may choose to hire counsel in situations where counsel is

unlikely to provide any meaningful assistance. Neither Article I, section 20 of the Oregon Constitution nor any other provisions of state or federal law imposes that requirement.

Petition for reconsideration allowed; former opinion adhered to as modified; affirmed.