Argued and submitted August 26, affirmed December 30, 1981,
reconsideration denied February 11,
petition for review denied April 27, 1982 (293 Or 103)

# LANE COUNTY SCHOOL DISTRICT No. 4J,
*Appellant,*

*v.*

# PARKS,
*Respondent.*

## (No. 16-80-01660, CA A20229)

637 P2d 1383

Joe B. Richards, Eugene, argued the cause for appellant. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Robert D. Durham, Eugene, argued the cause for respondent. With him on the brief were Liana Colombo, and Kulongoski, Heid, Durham & Drummonds, Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff School District appeals from a declaratory decree and order requiring it to disclose and make available to defendant its substitute teacher roster and other related records pursuant to ORS 192.420.[1]

The issues are: (1) are the records exempt from disclosure as records pertaining to litigation that "is reasonably likely to occur" under ORS 192.500(1)(a);[2] (2) are the records exempt from disclosure as "information submitted to a public body in confidence" under ORS 192.500(2)(c);[3] (3) are the records exempt from disclosure as "information of a personal nature" under ORS 192.500(2)(b);[4] and (4) if the records are public records not subject to a statutory exemption from disclosure under ORS 192.500, is defendant's right to inspection limited by any provision of the Public Employe Relations Act ("PERA"), ORS 243.650 *et seq.*?

---

[1] ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.500."

[2] ORS 192.500(1)(a) provides:

"(1) The following public records are exempt from disclosure under ORS 192.410 to 192.500 unless the public interest requires disclosure in the particular instance:

"(a) Records of a public body pertaining to litigation to which the public body is a party if the complaint has been filed, or if the complaint has not been filed, if the public body shows that such litigation is reasonably likely to occur. This exemption does not apply to litigation which has been concluded, and nothing in this paragraph shall limit any right or opportunity granted by discovery or deposition statutes to a party to litigation or potential litigation."

[3] ORS 192.500 (2)(c) provides:

"(2) The following public records are exempt from disclosure under ORS 192.410 to 192.500:

"* * * * *

"(c) Information submitted to a public body in confidence and not otherwise required by law to be submitted, where such information should reasonably be considered confidential, the public body has obliged itself in good faith not to disclose the information, and when the public interest would suffer by the disclosure."

[4] ORS 192.500(2)(b) provides:

"(2) The following public records are exempt from disclosure under ORS 192.410 to 192.500:

Defendant requested the pertinent records in January, 1980. Plaintiff denied the request. Defendant then sought the aid of the District Attorney, who, after determining the requested information was a public record, ordered plaintiff to comply with defendant's request. Plaintiff again refused and filed this suit for declaratory relief. The trial court found that the information was a public record, ORS 192.410,[5] and that plaintiff had failed to establish that it was in any way exempt from disclosure. The court ordered plaintiff to disclose the records and make them available to defendant.

Plaintiff contends that the requested records are exempt from disclosure under ORS 192.500(1)(a), which exempts records of a public body pertaining to litigation to which the public body is a party if the complaint has been filed, or if the complaint has not been filed, if the public body shows that such litigation is reasonably likely to occur. The trial court made two findings supporting plaintiff's position:

"5.   Litigation is reasonably likely to occur against plaintiff. * * *

"6.   The records sought contain data which when disclosed, might reveal a cause of action against plaintiff or the extent or magnitude of a cause of action. The records being sought will materially assist persons prosecuting such litigation against plaintiff."

However, the court also found that:

"7.   The records sought do not contain data *developed or compiled by plaintiff for use in litigation.*" (Emphasis added.)

---

"* * * * *

"(b)   Information of a personal nature such as that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy."

[5] ORS 192.410(4) provides:

" 'Public record' includes any writing containing information relating to the conduct of the public's business, prepared, owned, used or retained by a public body regardless of physical form or characteristics."

■ The first issue is whether the court was correct in concluding that the records sought by defendant were not exempt from disclosure under ORS 192.500(1)(a). In construing the exemption, we are guided by the rule that exemptions to statutory requirements are narrowly construed. *Morrison v. School District No. 48,* 53 Or App 148, 152, 631 P2d 784, *rev den* 291 Or 893 (1981); *see Stivahtis v. Juras,* 13 Or App 519, 523, 511 P2d 421 (1973). Although we have not previously construed this litigation exemption, the California Court of Appeals has offered an analysis of a similar exemption in its public records act.[6] In *State Div. of Indus. Safety v. Superior Court, County of Los Angeles,* 43 Cal App 3d 778, 117 Cal Rptr 726, 729 (1975), the court construed the "pertaining to" language in the statute as essentially providing "* * * public agencies with the protection of the attorney-client privilege, including work product, for a limited period while there is ongoing litigation." Although we do not hold that the Oregon exemption specifically follows every contour of the attorney-client privilege, we think the California approach represents a sound analysis of the litigation exemption. Accordingly, to further the statutory policy that government records be open to the public, we hold that, under ORS 192.500(1)(a), public records are exempt only when the records contain information compiled or acquired by the public body for use in ongoing litigation or, if a complaint has not been filed, if the public body shows that such litigation is "reasonably likely to occur." *See generally* 37 Or Op Att'y Gen 1087, 1105 (1976). Here, no ongoing litigation was involved, and we agree with the court's conclusion that the requested records did not contain information compiled *because "litigation [was] reasonably likely to occur."* (Emphasis added.) Therefore, the court correctly ruled that the records were not "[r]ecords * * * pertaining to litigation."

■ Next plaintiff contends that the records are exempt under ORS 192.500(2)(c) as "information submitted to a public body in confidence." We agree with the trial court's

---

[6] The California statute exempts:

"Records pertaining to litigation to which the public agency is a party, or to claims * * * until such litigation or claim has been finally adjudicated or otherwise settled; * * *." Cal. Gov't Code § 6254(b).

finding that the records sought did not contain information which plaintiff obliged itself not to disclose. Again, construing the exemption narrowly, we conclude that plaintiff has failed to sustain its burden of proof and that the trial court's conclusion that the records are not exempt from disclosure under ORS 192.500(2)(c) is therefore correct.

With one exception,[7] issues raised by plaintiff in its other assignments of error were addressed in *Morrison v. School District No. 48, supra.* We affirm on those issues, because we find no basis for distinguishing this case from *Morrison.*

Affirmed.

---

[7] Plaintiff assigns as error the trial court's ruling that certain "incident reports" of alleged harassment of replacement teachers were not admissible as business records. ORS 41.690. The trial court did not abuse its discretion in refusing to admit the evidence.