Argued and submitted February 11, affirmed March 30, 1983

KOTULSKI,
*Respondent,*
*v.*
MT. HOOD COMMUNITY COLLEGE,
*Appellant.*

(A8008-04789; CA A23516)

660 P2d 1083

Calvin L. Keith, Portland, argued the cause for appellant. With him on the brief were Lester V. Smith, Jr., and Bullard, Korshoj, Smith & Jernstedt, P. C., Portland.

Robert Durham, Portland, argued the cause for respondent. On the brief were Liana Colombo and Kulongoski, Heid, Durham & Drummonds, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals from a judgment declaring that defendant must disclose and make available certain records, pursuant to the Public Records Law. ORS 192.410 *et seq.* Defendant contends that the addresses of its part-time faculty, sought by plaintiff, are exempt from disclosure by statute. We affirm.

Plaintiff, an instructor employed by defendant and faculty president the of Mt. Hood Community College Education Association, requested the names and addresses of all part-time instructors employed by defendant. He was notified that defendant would provide the names but not the addresses. Pursuant to ORS 192.460, plaintiff petitioned the District Attorney to review the records requested and determine whether they could properly be withheld. When the District Attorney failed to issue an order granting or denying the petition within seven days, plaintiff sought a declaration that the names, addresses, areas of teaching and number of classes of defendant's part-time instructors are public records subject to disclosure within the meaning of the Public Records Law. *See* ORS 192.465. After the action was filed, defendant offered to allow plaintiff to inspect the records he had requested. That offer was refused. The court declared that the records sought by plaintiff are public records, ordered that defendant make the records available to plaintiff and awarded plaintiff his costs and attorney fees.

■   Defendant contends, first, that declaratory relief is not available to plaintiff under the Public Records Law, because defendant offered to allow plaintiff to inspect the records that he had requested. Defendant did not, however, agree that the records were public records under the act. Defendant offered a one-time inspection, which would not have resolved the issue raised by plaintiff in his action for declaratory judgment. Plaintiff met the statutory requirements to bring an action under the Public Records Law. He sought access to the records from defendant, and defendant denied that request in part. When the District Attorney failed to issue an order after seven days after plaintiff's request, he was entitled to treat that failure as a denial and to sue for a declaration of his rights. ORS 192.465(2).

ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.500."

Defendant argues that the addresses of its part-time faculty members are exempt from disclosure under ORS 192.500(2):[1]

"The following public records are exempt from disclosure under ORS 192.410 to 192.500:

"* * * * *

"(b) Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy;

"(c) Information submitted to a public body in confidence and not otherwise required by law to be submitted, where such information should reasonably be considered confidential, the public body has obliged itself in good faith not to disclose the information, and when the public interest would suffer by the disclosure;

"* * * * *."

The same exemptions were relied on by the defendant in *Morrison v. School District No. 48,* 53 Or App 148, 631 P2d 785, *rev den* 291 Or 893 (1981). In that case the plaintiff requested the roster of the names of substitute teachers in the district. We noted:

"* * * The legislative history of the statutory scheme involved here indicates that the bill was drafted with [this] general rule in mind: government records are public information, and exceptions should be narrowly and specifically defined.* * *" 53 Or App at 152.

We held that the determination whether the public records sought contained information of a personal nature involves a three-part inquiry:

---

[1] Defendant does not contend that the addresses are not public records as defined by statute. *See* ORS 192.410(4).

"* * * [T]he exemption under ORS 192.500(2)(b) is applicable if (1) the information requested is within the category, the burden of proof being on the public body and (2) public disclosure would constitute an unreasonable invasion of privacy, the burden of *disproof* being on the person requesting the information, unless (3) the public interest is shown by clear and convincing evidence to require disclosure." 53 Or App at 154. (Emphasis in original.)

The initial inquiry, then, must be whether defendant has established that the addresses of its part-time faculty constitute "information of a personal nature." In *Lane County School District v. Parks,* 55 Or App 416, 637 P2d 1383, *rev den* 293 Or 103 (1982), we held that the school district's "substitute teacher roster and other related records" were not exempt from disclosure under ORS 192.500(2)(b). Although the opinion does not indicate what information was contained in the roster or what the "other related records" were, the briefs in that case reveal that the roster contained the names and addresses of the substitute teachers, the amounts of money paid to them and their teaching assignments.

Most of the discussion in *Parks,* however, concerned another exemption. The only reference to the ORS 192.500(2)(b) exemption was in the final paragraph of the opinion:

"With one exception, issues raised by plaintiff in its other assignments of error were addressed in *Morrison v. School District No. 48, supra.* We affirm on those issues, because we find no basis for distinguishing this case from *Morrison.*" 55 Or App at 421. (Footnote omitted.)

There was no discussion of whether addresses should be treated differently than names for purposes of the exemption.

Defendant contends that *Parks* is not controlling here, because it did not discuss this specific issue. Whether or not *Parks* is controlling, we conclude that it was correctly decided. In *Morrison v. School District No. 48, supra,* we held, relying on *Turner v. Reed,* 22 Or App 177, 538 P2d 373 (1975), that personal information is "that which 'normally would not be shared with strangers' * * *." 53 Or App at 155. We cannot say that one's address is information

that "normally would not be shared with strangers." Addresses are commonly listed in telephone directories, printed on checks and provided to merchants. They appear on driver's licenses and other identification that is routinely shown to strangers.

Cases under the federal Freedom of Information Act have held that disclosure of addresses does not come within the exemption provided in 5 USC § 552(b)(6) for

"personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy * * *."

*See Getman v. NLRB,* 450 F2d 670 (DC Cir 1971); *Kurzon v. Department of Health & Human Services,* 649 F2d 65 (1st Cir 1981); *Stauss v. Internal Revenue Service,* 516 F Supp 1218 (DDC 1981); *Nat. Western Life Ins. Co. v. United States,* 512 F Supp 454 (ND Tex 1980); *Disabled Officer's Ass'n v. Rumsfeld,* 428 F Supp 454 (DDC 1977); *but see Wine Hobby, USA Inc. v. United States Internal Rev. Serv.,* 502 F2d 133 (3d Cir 1974). Although the federal exemption is worded slightly differently than is the state exemption, and the federal courts have adopted a balancing approach to determine whether disclosure is required, *see Dept. of Air Force v. Rose,* 425 US 352, 96 S Ct 1592, 48 L Ed 2d 11 (1976), we conclude that a similar result is appropriate under the Oregon statute. Because defendant has not established that the requested information is within the exemptions we need not consider the remaining two parts of the inquiry set forth in *Morrison v. School District No. 48, supra.*

■ Defendant argues that the addresses of its part-time faculty are also exempt under ORS 192.500(2)(c) as "information submitted to a public body in confidence." We held in *Morrison v. School District No. 48, supra:*

"* * * In order to avail itself of this exemption, defendant must establish that the information was submitted in confidence at the outset." 53 Or App at 156.

Defendant presented testimony that the addresses of faculty members were not disclosed to students or others such as insurance companies or booksellers who requested them. There was also testimony that faculty telephone numbers

were given to students upon request but that faculty members could request that telephone numbers not be given, and defendant would honor that request. Defendant published a directory of full-time faculty that listed addresses along with other information; however, no such directory of part-time faculty was published. We do not believe that that establishes that the addresses of the part-time faculty were given in confidence. Addresses are normally provided by faculty members in their initial applications and retained in files kept by defendant. Applicants were not informed that the information would be confidential. Defendant has not shown that the information is exempt, and the trial court did not err in ordering disclosure.

█       Neither did the court err in awarding plaintiff, as the prevailing party, costs and attorney fees. ORS 192.490(3). Defendant contends that plaintiff did not obtain a more favorable judgment than that which was offered by defendant in its offer of compromise. Defendant relies on ORCP 54(e):

> "* * * If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, disbursements, and attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements from the time of the service of the offer."

Plaintiff's complaint sought not only injunctive relief, requiring that defendant disclose the information sought, but also a declaration that the records were public records subject to disclosure. Defendant's offer of compromise did not include a concession that the records are public records that plaintiff or others could review, not just this one time, but at other times in the future. The declaratory relief granted by the trial court resulted in plaintiff receiving a more favorable judgment than that offered by defendant. ORCP 54(e) does not preclude an award of attorney fees and costs to plaintiff.

       Affirmed.