Argued and submitted September 11, 1986, affirmed March 11, reconsideration denied
April 24, petition for review denied June 16, 1987 (303 Or 535)

## STATE OF OREGON,
*Respondent,*

*v.*

## PAULA MARIE DAY,
*Appellant.*

(M84-1158; CA A39279)

733 P2d 937

Philip M. Suarez, Roseburg, argued the cause and filed the brief for appellant.

Carol Munson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals her conviction for driving while suspended, contending that the statute under which her driver's license was suspended is unconstitutional under the Oregon Constitution. She was found to have violated ORS 471.430, which prohibits persons under 21 years of age from possessing alcohol. Because she was 17 years old,[1] her driver's license was suspended pursuant to *former* ORS 482.593(1),[2] which provided:

> "Whenever a person who is 17 years of age or younger, but not younger than 13 years of age, is convicted of any offense described in this subsection or determined by a juvenile court to have committed one of the described offenses, the court in which the person is convicted shall prepare and send to the Motor Vehicles Division, within 24 hours of the conviction or determination, an order of denial of driving privileges for the person so convicted. This section applies to any crime, violation, infraction or other offense involving the possession, use or abuse of alcohol or controlled substances."

Defendant first contends that that statute violates Article I, section 20, of the Oregon Constitution:

> "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

She does not challenge the legal authority of the legislature to pass legislation controlling alcohol possession or motor vehicle operation, *see State v. Freeland,* 295 Or 367, 667 P2d 509 (1983), but challenges the content of the statute as constituting a constitutionally impermissible classification. She contends that it violates Oregon's Privileges and Immunities Clause, either because its classification is a "suspect class" or because the statute impinges on a "fundamental right," either of which requires the court to apply the strict scrutiny test.

■ We turn first to defendant's suspect class argument. Here, the state has granted the privilege of driving, which,

---

[1] In *State ex rel Juv. Dept. v. White,* 83 Or App 225, 730 P2d 1279 (1986), we held that *former* ORS 482.593 applied to persons up to their eighteenth birthdays.

[2] *Former* ORS 482.593 was repealed by Or Laws 1983, ch 16, § 475, and replaced by ORS 809.260, Or Laws 1985, ch 16, § 206 (which became effective January 1, 1986, Or Laws 1985, ch 16, § 476).

under Article I, section 20, must be available to all citizens "upon the same terms," unless a denial can be reasonably justified. *Former* ORS 482.593 denies driving privileges (or the ability to apply for the privilege) to persons who are 13 through 17 years old and are guilty of being a minor in possession. The group to whom the privilege is denied is not based on an immutable personal characteristic that can be suspected of reflecting "invidious" social or political premises, *i.e.,* "prejudice or stereotyped prejudgments," and therefore it is not a suspect classification. *See Hewitt v. SAIF,* 294 Or 33, 45, 653 P2d 970 (1982).

Because the classification is not suspect, the question is whether the legislative distinction "bears a rational relationship to some legitimate state interest." *Ritchie v. Board of Parole,* 35 Or App 711, 717, 583 P2d 1 (1978), *adhered to as modified* 37 Or App 385, 587 P2d 1036 (1978). *See Olsen v. State ex rel Johnson,* 276 Or 9, 19, 554 P2d 139 (1976). We will not hold it invalid "if any state of facts reasonably may be conceived to justify it." *Brown v. Portland School Dist. #1,* 48 Or App 571, 576, 617 P2d 665 (1980), *rev'd on other grounds* 291 Or 77, 628 P2d 1183 (1981).

The legislative history reveals that the law was intended to meet two goals: deterrence of drug and alcohol possession and use among young people and promotion of highway safety. Both goals are legitimate. The legislature considered the sanction appropriate to meet these goals because of the lack of other meaningful penalties for the group and the recognition that driving is a privilege young people do not want to lose. We hold that *former* ORS 482.593 is rationally related to legitimate state interests.

As a separate challenge, defendant argues that the ability to drive is a "fundamental right" and that, under Article I, section 20, any infringement of that right must be subjected to strict scrutiny. This federal "fundamental rights" analysis does not apply to privileges and immunities challenges under the Oregon Constitution. In *Olsen v. State ex rel Johnson, supra,* the court instead balanced the interest involved against the state's justification for denying the interest to a certain group.

Thus, we balance the privilege of driving against the justification for denying it to persons 13 to 17 years of age who

are convicted of minor in possession. We conclude that the interest in possessing an operator's license, although an important entitlement, is outweighed by the state's goals of promoting highway safety and deterring drug and alcohol possession and use by those between the ages of 13 and 17. Accordingly, we hold that *former* ORS 482.593 does not violate Article I, section 20.

■ Defendant also argues that the statute violates Article I, section 16, of the Oregon Constitution, which provides in pertinent part:

> "Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

She contends that the license suspension penalty is out of proportion to other penalties for more serious conduct. Juveniles are subject to legal consequences in the juvenile system, including detention or other loss of personal freedom, for misconduct that would not constitute a crime if committed by an adult, *e.g.,* the status offense of being a runaway. A loss of driving privileges for conviction of minor in possession is not a disproportionate penalty when compared to the loss of liberty that can be imposed for other offenses.[3]

Affirmed.

---

[3] Defendant also contends that the statute violates Article I, section 16, because the penalty is not related to the offense. It is.