REQUESTED BY: Senator Ron Withem Nebraska State Legislature
If enacted would enforcement of LB 207 result in a violation of the due process or equal protection rights of the individual involved?
No.
LB 207 provides that whenever an individual 13 years or older but under 18 years of age is convicted of a minor in possession charge such individual shall have the privilege to drive suspended. If the minor has not yet obtained or applied for driving privileges such privileges, when applied for, shall be denied up to 90 days for the first offense and up to one year for subsequent convictions. You ask if it is legal to prevent a 16 year old from receiving a driver's license for an offense which could be as much as three years old. You also question whether it is permissible to hold a different standard of justice for one group than another. LB 207 is similar to legislation proposed in 1979 imposing a one month suspension of driving privileges for the first MIP conviction with 3 months and 1 year suspensions for subsequent convictions. Attorney General Opinion No. 90, issued April 18, 1979, concluded that that legislation was constitutionally valid.
Since that time the State of Oregon has enacted Or.Rev.Stat. § 482.593 (Repealed), replaced by Or.Rev.Stat. § 809.260 (1986), containing provisions identical to LB 207. In State v. Day, 84 Or.App. 291,733 P.2d 937 (1987) the Oregon statute withstood constitutional challenges based on equal protection and cruel and unusual punishment arguments.
Nebraska case law repeatedly indicates that "if the statute involves economic or social legislation not implicating a fundamental right or suspect class, courts will ask only whether a rational relationship exists between a legitimate state interest and the statutory means selected by the legislature to accomplish that end." State v. Michalski,221 Neb. 380, 385, 377 N.W.2d 510 (1985).
The Nebraska Supreme Court has consistently ruled that driving is not a fundamental right. Porter v. Jensen,223 Neb. 438, ___ N.W.2d ___ (1986), Michalski, supra.
In Day, supra at 938 the Oregon court noted: "The group to whom the privilege is denied is not based on an immutable personal characteristic that can be suspected of reflecting `invidious' social or political premises, i.e., `prejudice or stereotyped prejudgments,' and therefore it is not a suspect classification."
Equal protection of the law requires that similarly situated persons be treated equally by the government; however, "It does not foreclose government from classifying persons or from differentiating one class from another when enacting legislation." Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911). The classification made in LB 207 is one rationally related to the legitimate state interest of deterring drug and alcohol possession and use among young people.
Moreover, the minor's entitlement to an operator's license is outweighed by the state's goal of promoting highway safety. The suspension of a driver's license requires procedural due process guaranteed by the Fourteenth Amendment, State v. Michalski, 221 Neb. 380, 377 N.W.2d 510 (1985). LB 207 directs that the suspension be imposed by the court that convicts the individual of the MIP charge. This assures that the minor is afforded a proper forum and a meaningful opportunity to be heard before the punishment is ordered. That amounts to due process.
The fact that complete compliance with the court's order may be delayed for several years, until the minor is old enough to drive, does not violate the constitution. The Legislature has the power to select such punishment as it deems most effective in the suppression of crime. State v. Ruzicka, 218 Neb. 598, 357 N.W.2d 457 (1984). Temporary denial of current driving privileges or of subsequently applied for privileges indicates a legislative determination that such punishment is an effective deterrent to alcohol or drug use by minors. We are of the opinion that LB 207 as submitted for our review is not constitutionally suspect.
Sincerely,
ROBERT M. SPIRE Attorney General
Yvonne E. Gates Assistant Attorney General