Submitted on record and briefs May 9, affirmed November 2, 1988, reconsideration denied January 27, petition for review allowed March 21, 1989 (307 Or 571)
See later issue Oregon Reports

JORDAN,
*Appellant,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(86C-12207; CA A43742)

763 P2d 420

Lawrence Wm. Jordan, Salem, filed the briefs *pro se* for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael C. Livingston, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this proceeding under the Public Records Law, ORS 192.410 *et seq,* plaintiff appeals from the trial court's refusal to compel defendant Motor Vehicles Division (Division) to disclose information to him. The information which plaintiff sought was a woman's home address, contained in Division's vehicle registration records. Long before plaintiff made his request for the address, the registrant had written to Division, asking that her address and telephone number not be revealed to the public. She has also taken other measures to assure her privacy and to keep her address secret. The reason that she felt obliged to do so, she said, is that plaintiff has engaged in a pattern of harassing and pursuing her. Division refused plaintiff's request on the ground that the information is exempt from disclosure under present ORS 192.502(2).[1] The trial court agreed, and we affirm.

ORS 192.502(2) provides:

"The following public records are exempt from disclosure under ORS 192.410 to 192.505:

"* * * * *

"(2)  Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy."

Plaintiff's principal argument is that the information he seeks is not "of a personal nature" and that it cannot be rendered personal simply "because the person furnishing the information believes it to be so or wishes it to be so." In *Kotulski v. Mt. Hood Comm. College,* 62 Or App 452, 660 P2d 1083 (1983), we rejected the college's contention that *former* ORS 192.500(2) or (3) exempted the addresses of its part-time instructors from disclosure. We discussed our earlier decisions in *Lane County School District v. Parks,* 55 Or App 416, 637 P2d 1383 (1981), *rev den* 293 Or 103 (1982), *Morrison v. School*

---

[1] At the time of the events in question, the substance of that statute was codified as ORS 192.500(2)(b).

*District No. 48,* 53 Or App 148, 631 P2d 784, *rev den* 291 Or 893 (1981), and *Turner v. Reed,* 22 Or App 177, 538 P2d 373 (1975), and concluded:

> "We cannot say that one's address is information that 'normally would not be shared with strangers.' Addresses are commonly listed in telephone directories, printed on checks and provided to merchants. They appear on driver's licenses and other identification that is routinely shown to strangers.
>
> "* * * * *
>
> "Defendant argues that the addresses of its part-time faculty are also exempt under ORS 192.500(2)(c) as 'information submitted to a public body in confidence.' We held in *Morrison v. School District No. 48, supra:*
>
> > " "* * * In order to avail itself of this exemption, defendant must establish that the information was submitted in confidence at the outset.' 53 Or App at 156.
>
> "Defendant presented testimony that the addresses of faculty members were not disclosed to students or others such as insurance companies or booksellers who requested them. There was also testimony that faculty telephone numbers were given to students upon request but that faculty members could request that telephone numbers not be given and defendant would honor that request. Defendant published a directory of full-time faculty that listed addresses along with other information; however, no such directory of part-time faculty was published. We do not believe that that establishes that the addresses of the part-time faculty were given in confidence. Addresses are normally provided by faculty members in their initial applications and retained in files kept by defendant. Applicants were not informed that the information would be confidential. Defendant has not shown that the information is exempt, and the trial court did not err in ordering disclosure." 62 Or App at 456-58.

Plaintiff contends, on the basis of those cases and others, that addresses are invariably non-personal. Division responds:

> "In neither *Kotulski* [n]or *Parks* did the court appear to have before it in the record, evidence showing whether or not any of the part-time faculty or substitute teachers involved treated his or her home address as personal, confidential or private *outside* of the context of the public records request or that any of them had taken steps before the time of the request to prevent strangers from obtaining that information.

The same lack of evidence existed in *Morrison* with respect to the individuals' identities as substitute teachers.

"In that vacuum, in order to determine whether the information sought was exempt under ORS 192.500(2)(b), as construed in *Morrison,* the court had no recourse but to consider whether *in the abstract* the information sought would 'normally' or 'routinely' or 'commonly' be shared with strangers, and then to assume that the specific individuals involved followed, what the court believed to be, was the common practice. *See Kotulski v. Mt. Hood Comm. College, supra* at 67 Or App 456-57; *Morrison v. School District No. 48, supra* at 53 Or App at 155. To date, the court has *not* had occasion to consider and decide the question presented in this case, *i.e.,* whether a private citizen's home address may be exempt from disclosure under ORS 192.500(2)(b), where that individual, outside of the context of and prior to the public records request, reasonably considered and treated her home address as personal, confidential or private and took steps to prevent strangers from obtaining that information." (Emphasis Division's.)

We agree that our previous decisions do not answer the question presented in this case. We conclude that, under facts of the kind before us, a person may request that Division not divulge her address and may thereby bring the address within the "information of a personal nature" proviso of the statute. We also agree with the trial court that plaintiff failed to disprove that disclosure would constitute an unreasonable invasion of privacy and that the public interest was not shown to require disclosure.[2] *See Morrison v. School District No. 48, supra,* 53 Or App at 154. We reject plaintiff's substantive and procedural arguments to the contrary.

We also reject plaintiff's remaining arguments. None warrants comment, except to note that plaintiff's contention that he was entitled to obtain the address through discovery in *this* proceeding is preposterous.

Affirmed.

---

[2] Although the purpose for which information is sought does not have any bearing on whether it is subject to disclosure or comes within an exempt category, it may be that the facts surrounding different requests and cases may be relevant to whether the public interest requires disclosure of information that would otherwise be exempt. *See Morrison v. School District No. 48, supra.*