Argued and submitted November 21, 1988, affirmed on appeal and on cross-appeal, May 10, reconsideration denied June 30, petition for review allowed September 19, 1989 (308 Or 382)

GUARD PUBLISHING COMPANY,
*Appellant - Cross-Respondent,*

*v.*

LANE COUNTY SCHOOL DISTRICT NO. 4J,
*Respondent - Cross-Appellant.*

(16-87-04186; CA A48087)

774 P2d 494

Bruce Smith, Eugene, argued the cause for appellant - cross-respondent. With him on the briefs was Cass, Scott, Woods & Smith, Eugene.

Joel S. DeVore, Eugene, argued the cause for respondent - cross-appellant. With him on the briefs were Joe B. Richards and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This is an action under the Public Records Law, ORS 192.410 *et seq,* arising out of the 1987 Eugene teachers' strike. Plaintiff publisher appeals from the trial court's declaratory judgment that, during a strike, addresses of replacement coaches hired by defendant school district are public records exempt from disclosure under ORS 192.502(2)[1] and from its order denying plaintiff attorney fees. Defendant cross-appeals, contending that the trial court erred in determining that plaintiff is entitled to the names of replacement coaches while a strike is in progress. We affirm.

A teachers' strike closed schools in defendant Lane County School District No. 4J on April 8, 1987, and defendant decided to hire replacement teachers and coaches. Consistent with previously adopted policy, it promised prospective replacement staff that, if hired, their personal data would be kept confidential during the strike. Thus, when plaintiff, publisher of *The Register-Guard,* requested the names and addresses of replacement coaches, defendant refused to provide that information until the strike was over. Plaintiff requested an order from the Lane County District Attorney compelling immediate production of the pertinent records, but its request was denied. Defendant did not deliver the requested names and addresses to plaintiff until May 8, 1987, the day after the strike ended.

---

[1] In 1987, *former* ORS 192.500(2)(b) was recodified as ORS 192.502(2) and *former* ORS 192.500(2)(c) as ORS 192.502(3), with no other changes. We refer to the current numbering of those provisions.

ORS 192.500(2)(h) (*amended by* Or Laws 1987, ch 764, § 3) provided:

"The following public records are exempt from disclosure under ORS 192.410 to 192.55:

"Public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under * * * ORS 342.850 * * *."

ORS 192.502(8) now provides:

"The following public records are exempt from disclosure under ORS 192.410 to 192.505:

"(8) Public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law[.]"

Because the amendment does not change the substance of defendant's argument, we refer in this opinion to the current statute.

After the strike, plaintiff sought a declaratory judgment that it was entitled to the requested information during the course of the strike, an order directing the district to refrain from withholding information under like circumstances in the future and an award of attorney fees, costs and disbursements.[2] The trial court held that plaintiff was entitled to inspect the names of replacement coaches during the strike and directed defendant not to withhold that information in the future. It held that the addresses of replacement coaches are records of a personal nature and are exempt from disclosure under ORS 192.502(2). It also refused to award attorney fees, costs and disbursements, because plaintiff prevailed only in part.

We deal first with the cross-appeal, in which the issue is whether the trial court erred in ruling that plaintiff was entitled to inspect school district records containing the names of replacement coaches when it requested them. According to defendant, names of replacement coaches are exempt under ORS 192.502(2), ORS 192.502(3), ORS 192.502(8) and ORS 342.850(7).[3] If the names were not exempt, defendant contends, the Public Records Law violates Article I, section 20, of the Oregon Constitution by depriving public teachers of the privileges and immunities enjoyed by private teachers.

ORS 192.502(2) exempts from disclosure:

"Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public

---

[2] Although the strike had ended before plaintiff sought a declaratory judgment, this case presented a justiciable controversy at the time of the circuit court's judgment. Defendant apparently has retained its written policy of keeping replacement teachers' names and addresses confidential during a strike. Indeed, it told the trial court that it had decided not to argue mootness, because it anticipated future strikes and intended to use the same procedure when they arose. "A party with standing * * * [may] seek relief against future repetitions of the challenged governmental act * * *." *Kay v. David Douglas Sch. Dist. No. 40,* 303 Or 574, 577, 738 P2d 1389 (1987), *cert den* _____ US _____ (1988). Moreover, plaintiff's complaint sought not only a judgment that the contested action was illegal, but also an injunction against similar actions by defendant in the future. Under these circumstances, the case presents a live controversy.

[3] ORS 342.850(7) provides:

"The personnel file shall be open for inspection by the teacher, the teacher's designees and the district school board and its designees. District school boards shall adopt rules governing access to personnel files, including rules specifying whom school officials may designate to inspect personnel files."

disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy[.]'"

The exemption is applicable if

"(1) the information requested is within the category, the burden of proof being upon the public body and (2) public disclosure would constitute an unreasonable invasion of privacy, the burden of *disproof* being on the person requesting the information, unless (3) the public interest is shown by clear and convincing evidence to require disclosure." *Morrison v. School District No. 48,* 53 Or App 148, 154, 631 P2d 784, *rev den* 291 Or 893 (1981). (Emphasis in original.)

The test for whether information is "personal" is whether it "normally would not be shared with strangers." *Morrison v. School District No. 48, supra,* 53 Or App at 155.

■　　　We addressed whether names listed on a school district's substitute teacher roster was information of a personal nature in *Morrison v. School District No. 48, supra.* We stated:

"Defendant argues that what the list conveys is in fact personal, *i.e.,* the identity of the substitute teachers as a group, which becomes particularly important in the context of the request by this plaintiff. We do not think that one's name or identity as a substitute teacher is normally not shared with strangers. Certainly any parent would be entitled to find out the names of substitute teachers, and there could be no reasonable contention that the information would be personal in that context. We therefore hold that in and of itself, the information requested does not fall within the relatively narrow category of *personal* information." 53 Or App at 155. (Emphasis in original.)

That reasoning is equally applicable here. One's name is unquestionably information normally shared with strangers, and teaching and coaching staff in public schools are not anonymous or entitled to be. The names of replacement coaches do not fall within the exemption for personal information.

■　　　Defendant's contention that the names of replacement coaches are exempt as information "submitted in confidence" is also without merit. ORS 192.502(3) exempts:

> "Information submitted to a public body in confidence and *not otherwise required by law to be submitted, where such information should reasonably be considered confidential,* the public body has obliged itself in good faith not to disclose the information, and when the public interest would suffer by the disclosure[.]" (Emphasis supplied.)

As noted, names of public school teachers cannot reasonably be considered confidential. Moreover, various state and federal laws require that employes submit their names to their employers.[4] The terms of ORS 192.502(3) thus exclude its application to the names of the replacement coaches.

■■ Defendant also contends that the names are exempt under ORS 192.502(8) and ORS 342.850(7), because that information was kept in those employes' personnel files and was made confidential pursuant to school district policy. The trial court responded:

> "ORS 342.850 deals principally with the evaluation of teachers' professional abilities. Such evaluations are to be maintained in the teacher's personnel file, and access to such file is limited. Such a file, with its evaluations, possible reprimands, etc., is clearly exempt from disclosure. But the statutory provision was not intended to make information as widely disseminated and commonly used as the teachers' names, exempt merely because the names were kept in the personnel file. To accept that view would be to afford anonymity to all public servants—quite the contrary of the purpose of the public records law."

A public body cannot make otherwise public information confidential by placing it in a personnel file. ORS 192.502(8) does not exempt the names of replacement coaches from disclosure.

■ Finally, the Public Records Law does not violate the Equal Privileges and Immunities clause of the Oregon Constitution. Unless the challenged classification is based "on 'immutable' personal characteristics," *Hewitt v. SAIF,* 294 Or 33, 45, 653 P2d 970 (1982), it will be upheld so long as it "bears a rational relationship to some legitimate state interest." *State v. Day,* 84 Or App 291, 294, 733 P2d 937, *rev den* 303 Or 535 (1987) (quoting *Ritchie v. Board of Parole,* 35 Or App 711,

---

[4] For example, state and federal tax laws require employes to file with employers exemption certificates on which they must provide their names and addresses. *See* IRC § 3402(f)(2)(A); ORS 316.177; ORS 316.182.

717, 583 P2d 1 (1978), *adhered to as modified* 37 Or App 385, 587 P2d 1036 (1978)). In this case, the Public Records Law expresses the legislature's view that members of the public are entitled to information that will facilitate their understanding of how public business is conducted. Because that is a legitimate justification for the distinction in the way public and private school staff are treated, the relevant statutes do not unconstitutionally discriminate against public teachers.

We next consider the issue of whether addresses of the replacement coaches are records of a personal nature exempt from disclosure under ORS 192.502(2). According to plaintiff, *Lane County School District v. Parks,* 55 Or App 416, 637 P2d 1383 (1981), *rev den* 293 Or 103 (1982), *Morrison v. School District No. 48, supra,* and *Kotulski v. Mt. Hood Comm. College,* 62 Or App 452, 660 P2d 1083 (1983), compel the conclusion that addresses are non-personal information as a matter of law. Relying primarily on *Kotulski,* plaintiff argues that addresses are not information that "normally would not be shared with strangers." Moreover, otherwise non-personal information cannot become personal by reason of the context of a particular public records request, such as the existence of a strike. Because the addresses of replacement coaches do not constitute "personal information," plaintiff argues, they do not qualify for the exemption.

■ We agree that non-personal information cannot be transformed into personal information in response to a particular public records request. At the same time, *Kotulski* and the other cases upon which plaintiff relies do not sweep as broadly as plaintiff contends. In *Jordan v. MVD,* 93 Or App 651, 763 P2d 420 (1988), *rev allowed* 307 Or 571 (1989), we considered an argument that those cases establish that addresses are invariably non-personal. We quoted with approval MVD's response to that argument:

> "In neither *Kotulski* [n]or *Parks* did the court appear to have before it in the record, evidence showing whether or not any of the part-time faculty or substitute teachers involved treated his or her home address as personal, confidential or private *outside* of the context of the public records request or that any of them had taken steps before the time of the request to prevent strangers from obtaining that information. The same lack of evidence existed in *Morrison* with respect to the individuals' identities as substitute teachers.

"In that vacuum, in order to determine whether the information sought was exempt under ORS 192.500(2)(b), as construed in *Morrison*, the court had no recourse but to consider whether *in the abstract* the information sought would 'normally' or 'routinely' or 'commonly' be shared with strangers, and then to assume that the specific individuals involved followed, what the court believed to be, was the common practice." 93 Or App at 654. (Emphasis in original.)

We concluded that, under certain circumstances, a person might "bring [his] address within the 'information of a personal nature' proviso of the statute." 93 Or App at 655.

■ *Jordan* demonstrates that, unlike names, addresses are not non-personal *per se*. Rather, if an individual reasonably considers his home address to be private and takes steps to ensure that it remain so "outside the context of and prior to the public records request," the address may be personal within the meaning of the exemption.[5] Unlike the situations in *Morrison* and *Kotulski,* the replacement coaches in this case submitted their addresses to the school district in confidence. In its newspaper advertisements and application packets, the district promised that personal information would be kept confidential. Each of the 14 coaches who were witnesses testified that they understood that their addresses would be kept confidential during the strike. Furthermore, as in *Jordan,* the district treated their addresses as confidential before any public records request and without regard to who made the request. These facts indicate that the replacement coaches reasonably considered their addresses to be personal information.

Moreover, we agree with the trial court's reasoning that an individual's address may be "information that 'normally would not be shared with strangers.' " *Kotulski v. Mt.*

---

[5] This position has been stated persuasively by the Attorney General:

"The cases require us to conclude that home addresses as a class are not personal, and must be disclosed upon request. We nevertheless believe that there are cases in which a public body can establish, as it did *not* do in *Kotulski,* that particular addresses *are* personal such that disclosure would be an unreasonable invasion of privacy. (Citation omitted). A request for nondisclosure by an employe who treats his or her address as private (*e.g.* by use of an unlisted telephone number), or by employes in 'sensitive' positions such as law enforcement, so that simultaneous identification of the nature of the job and home address could lead to harassment, should be honored." 1985 *Attorney General's Public Records and Meetings Manual* I-9. (Emphasis in original.)

*Hood Comm. College, supra,* 62 Or App at 457. As the court stated:

> "Persons involved in litigation have the right to know the name of the judge on the bench. I doubt that they have the right to know where the judge lives. Judges and teachers, and other public employees, are increasingly recognized as having the right to keep their professional and personal lives separate.
>
> "No doubt most of us would give our names to relative strangers to whom we would not give our addresses.
>
> "We put our addresses on our checks, but we give our checks to people we do business with. They are not strangers.
>
> "We show our driver's licenses, which include our addresses, to the police and to people we hope will cash our checks. In each case we know who we are dealing with, and why they need to know. They are not strangers.
>
> "We have the option, which an increasing number of people exercise, of listing names but not addresses in the phone book.
>
> "* * * * *
>
> "It would be intolerable to have to deal with anonymous people working for the public; but if we know who the public employee is, and where the public employee works, and what the public employee's duties are, the public employee is not anonymous. On the other hand, where the public employee sleeps at night, and what the public employee does when off work, is increasingly recognized as a private matter."

Accordingly, we conclude that the addresses of replacement coaches are exempt personal information under the statute.

We also agree with the trial court that, given its finding that several replacement coaches were subjected to harassment, public disclosure of their addresses would constitute an unreasonable invasion of privacy under ORS 192.502(2). Finally, plaintiff could conduct a thorough investigation of the backgrounds and qualifications of replacement coaches without their addresses, so long as it had access to their names. Because the public interest did not require disclosure of the addresses, they were exempt as records of a personal nature.

The last issue is whether the trial court erred in failing to award plaintiff attorney fees, costs and disbursements. Plaintiff argues that the issues of whether names were exempt

from disclosure and whether addresses were exempt from disclosure were intertwined and required similar proof. Moreover, it argues, given the case law, defendant's position was unreasonable. Finally, according to plaintiff, its action benefited the public at large. To penalize it for not prevailing on both issues under these circumstances, it argues, would contravene the purpose of the public records law by discouraging it from seeking all information to which it was entitled.

ORS 192.490(3) provides, in part:

> "If a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal. *If the person prevails in part, the court may in its discretion* award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof." (Emphasis supplied).

The statute makes it clear that an award of attorney fees to a party who prevails only in part is within the discretion of the trial court. In this case, defendant proceeded on a reasonable belief that names and addresses of replacement coaches were exempt under the Public Records Law. Moreover, the school district, as much as plaintiff, represented legitimate public interests. The trial court did not abuse its discretion in denying plaintiff attorney fees.

Affirmed on appeal and on cross-appeal.