Argued and submitted November 19, 1982, affirmed in part, reversed in part and remanded for entry of judgment July 6, reconsideration denied August 19, petition for review denied October 18, 1983 (295 Or 773)

# SMITH,
## *Appellant,*

*v.*

# SCHOOL DISTRICT NO. 45,
# CLACKAMAS COUNTY et al,
## *Respondents.*

## (81-7-442; A23272)

666 P2d 1345

Robert D. Durham, Eugene, argued the cause for appellant. With him on the briefs were Wendy L. Greenwald, Jennifer Friesen, and Kulongoski, Heid, Durham & Drummonds, Eugene.

Nancy Tauman, Oregon City, argued the cause for respondents. With her on the brief was Hibbard, Caldwell, Bowerman, Schultz & Wright, Oregon City.

Before Gillette, Presiding Judge, Joseph, Chief Judge,* and Warden, Judge.

JOSEPH, C. J.

---

\* Joseph, C.J., *vice* Young, J.

## JOSEPH, C. J.

Plaintiff's contract as a probationary teacher for the 1980-81 school year was not renewed by defendant school district.[1] By writ of review and actions for declaratory relief and breach of contract,[2] she sought, *inter alia,* reinstatement and attorney fees for alleged violations of the teacher evaluation statute (ORS 342.850), the public records law (ORS 192.410 *et seq*) and the public meetings law. ORS 192.640. The trial court made findings and conclusions and entered judgment for defendant. Plaintiff appeals.

Plaintiff had been employed as a probationary teacher since the 1978-79 school year. On February 26, 1981 (during the 1980-81 school year) her supervisor, defendant Fones, gave her a written evaluation for the year. He also told her that the Board had received complaints about her teaching and had some reservations about renewing her contract for the 1981-82 school year. On February 27, Fones told her that the Board had met on February 21 and that the consensus was that her contract not be renewed. Plaintiff had no notice of that meeting, and defendants concede that no public notice was given.

At a regular meeting on March 16, 1981, the Board considered contract renewals of several probationary teachers and voted not to renew plaintiff's contract. When she received written notice that her contract would not be renewed, she requested a statement of reasons for the nonrenewal and a hearing. The Board provided the statement of reasons, held a hearing and reaffirmed its decision. Plaintiff then requested

---

[1] The individual defendants, Bollermann, Hazlewood, Jantz, Layton and Rollins, are members of the School Board. Defendant Klascius is the clerk of the Board, and defendant Fones is the District's principal and superintendent.

[2] The amended petition and complaint allege five separate "claims": (1) petition for a writ of review pursuant to ORS 342.835(3), alleging *inter alia,* violation of ORS 342.850 and ORS 192.640; (2) declaratory relief alleging violations of the public meeting law, ORS 192.610 - 192.690 for failure to give proper notice of a board meeting on February 21, 1981, seeking attorney fees; (3) declaratory relief alleging failure to establish or conduct a proper teacher evaluation process pursuant to ORS 342.850; (4) declaratory relief alleging a violation of ORS 192.410 *et seq,* because the district failed to provide public records, and seeking both to enjoin defendant from withholding the records and an award of attorney fees; and (5) breach of contract, alleging that the provisions of ORS 342.850 are incorporated in the employment contract.

the record of her hearing, the hearing record of another probationary teacher and the minutes of the meeting held on February 21. The District furnished her her own hearing record but denied the other records. She then petitioned the District Attorney, ORS 192.470, requesting an order to make the records available for inspection. That petition was denied. However, the District did finally furnish all the records before trial.

In her first assignment of error, plaintiff contends that the trial court erred when it struck from the petition for writ of review the alleged violations of the evaluation procedure, ORS 342.850,[3] and the public meeting law. ORS 192.640.

 Plaintiff's nonrenewal hearing was held pursuant to ORS 342.835(2):

> "For any cause that it may deem in good faith sufficient, the district board may refuse to renew the contract of any probationary teacher. However, the teacher shall be entitled to notice of the intended action by April 1, and upon request shall be provided a hearing before the district board. Upon request of the probationary teacher the board shall provide the probationary teacher a written copy of the reasons for the nonrenewal, which shall provide the basis for the hearing."

Plaintiff argues that a violation of ORS 342.850 and ORS 192.640 are "procedures at the hearing" under ORS 342.835(3):

---

[3] ORS 342.850 provides in part:

"(1) The district superintendent of every school district, including superintendents of education service districts, shall cause to have made at least annually but with multiple observations an evaluation of performance for each probationary teacher employed by the district and at least biennially for any other teacher. The purpose of the evaluation is to allow the teacher and the district to determine the teacher's development and growth in the teaching profession and to evaluate the performance of the teaching responsibilities. A form for teacher evaluation shall be prescribed by the State Board of Education and completed pursuant to rules adopted by the district school board.

"(2)(a) The district school board shall develop an evaluation process in consultation with school administrators and with teachers. If the district's teachers are represented by a local bargaining organization, the board shall consult with teachers belonging to and appointed by the local bargaining organization in the consultation required by this paragraph."

"(3) If an appeal is taken from any hearing, the appeal shall be to the circuit court for the county in which the headquarters of the school district is located and shall be limited to the following:

"(a) The procedures at the hearing;

"(b) Whether the written copy of reasons for dismissal required by this section was supplied;

"(c) In the case of nonrenewal, whether notice of nonrenewal was timely given."

Plaintiff's construction of "procedures at the hearing" conflicts with the language of the statute as well as the case law interpreting it. ORS 342.835(2) provides that a probationary teacher may be nonrenewed by the District Board "[f]or any cause it may deem in good faith sufficient." That language gives the Board broad discretion in evaluating a probationary teacher's performance.

In *Henthorn v. Grand Prairie School Dist.*, 287 Or 683, 690-91, 601 P2d 1243, *on remand* 44 Or App 215, 605 P2d 734 (1979), the Supreme Court determined that a school board acts in a "quasi-judicial" capacity within the meaning of ORS 34.040 when it conducts a hearing under ORS 342.835. In so holding, the court reviewed the purpose of the statute:

"[W]e conclude that the Oregon Legislature intended to provide to 'nonrenewed' probationary teachers a procedure from which, although somewhat 'informal' and different from procedures for dismissal of 'permanent' teachers under the Fair Dismissal law, will nevertheless provide rudimentary fair procedures by notice and hearing. We also conclude that by requiring a District Board to give to such a teacher a notice of its 'intended action,' as well as a written statement of 'the reasons for nonrenewal, which shall provide the basis for the hearing,' it is implicit that the legislature intended that the teacher have at least an opportunity at the hearing to offer evidence in an effort to contest the 'reasons for the nonrenewal' and to demonstrate that such 'reasons' are false; that the board will at least consider such evidence in good faith, and will then make a 'determination' or 'decision' whether or not to make final its previously 'intended action,' and that some kind of an 'appeal' to the courts was also intended by the legislature, although one limited to 'the procedures at the hearing' and 'whether notice of nonrenewal was timely given.'" (Footnotes omitted.)

More recently, in *Maddox v. Clac. Co. Sch. Dist. No. 25,* 293 Or 27, 33, 636 P2d 961 (1982), the court stated:

"The intent of ORS 342.835 was to give to probationary teachers a limited measure of procedural protection from arbitrary termination, but to leave the substantive determination to terminate with the school districts, to allow flexibility in probationary teacher decisions and to avoid embroilment in extended termination procedures."

Plaintiff does not contend that the stated reasons for nonrenewal were not the actual reasons, that they were false or that she had an inadequate opportunity to controvert them at the hearing. *See Henthorn v. Grand Prairie School Dist., supra.* In short, her claim that the district violated ORS 342.850 and ORS 192.640 is not a claim of *procedural* impropriety at the hearing. The alleged violations are not reviewable under ORS 342.835(3)(a).

Plaintiff's second assignment of error contends that the court erred when it dismissed her claim for declaratory relief for violation of ORS 342.850. The third claim of the amended complaint sought declaratory and injunctive relief and prayed that the court:

"1. Declare the violation of ORS 342.850, as alleged herein,

"2. Declare that defendant District must have properly evaluated Diana Smith pursuant to the statute prior to the District taking any adverse action concerning her employment status.

"3. Declare and/or order defendant District to employ Ms. Smith and restore all benefits to which she would otherwise be entitled had she not been improperly evaluated under ORS 342.850.

"4. Declare plaintiff is entitled to such other and further equitable relief as the court may deem necessary and appropriate in the circumstances."

Before trial, defendants moved to dismiss the claim:

"* * * Plaintiff's Third Claim for Relief is deficient. Plaintiff claims that defendants violated ORS 342.850 by failing to set up an evaluation process, among other things, and that as a result of the alleged violation, plaintiff's contract was not renewed.

"Even assuming a violation of ORS 342.850, ORS 342.850 is irrelevant to the renewal or nonrenewal of a probationary teacher and the issuance of a contract is not a remedy provided by statute for a violation of ORS 342.850. There simply is no claim for relief."

In *Hupp v. Schumacher,* 29 Or App 9, 12, 562 P2d 217 (1977), we held:

"A demurrer to a declaratory judgment complaint for failure to state a cause of action is inappropriate when a justiciable controversy exists, even though the plaintiff is not entitled to relief. The issue, then, is not whether plaintiffs have stated a cause of action, but whether a justiciable controversy exists."

More recently, in *Goose Hollow v. City of Portland,* 58 Or App 722, 650 P2d 135 (1982), we stated:

"A complaint for declaratory relief is legally sufficient if it alleges the existence of an actual controversy relating to the legal rights and duties of the parties."

Plaintiff's third claim alleged a justiciable controversy, and its dismissal was error. Nevertheless, although the language of ORS 342.850 is mandatory, it does not provide a remedy for its violation. In *Maddox v. Clac. Co. Sch. Dist. No. 25, supra,* 293 Or at 33, the court stated:

"Statutes need not create a complete remedy for vindication of statutorily created interests, *see,* for example, ORS ch 656, the Workers' Compensation Act, and where they do not, it is not for the courts to fill the statutory gaps."

Assuming that ORS 342.850 confers a right on a probationary teacher, the legislature provided no remedy for a violation of that right. Therefore, a judicial declaration of that right would serve no purpose for plaintiff, and so the dismissal of the claim was harmless.

Plaintiff next contends that the court erred in failing to declare whether the requested records were public records subject to disclosure under ORS 192.410, 192.420 and 192.490. She requested the hearing record of another probationary teacher and the record of the minutes of the meeting on February 21. Defendants objected to the requests, contending that the records were irrelevant and exempt from disclosure under ORS 192.500(a), the litigation exemption. The trial court

denied relief, because (1) plaintiff did not state or have an adequate purpose to request the records, (2) the request might have appeared to defendant to be unduly burdensome, (3) plaintiff did receive the records before trial, (4) defendants refusal was not "arbitrary," and (5) the minutes of the February 21, 1981, hearing were in the possession of plaintiff at the time of her demand.

Plaintiff contends, and we agree, that the reasons cited do not justify denial of the records. First, ORS 192.420 creates a right of access to public records that is not dependent on the requester's need or motivation. In *Papadopoulos v. St. Bd. of Higher Ed., supra,* 8 Or App 445, 448 n 1, 494 P2d 260 (1972), we stated:

> "If the document in question is a public record available for inspection pursuant to ORS 192.030, plaintiff need not show any particular need to see it * * *."

*See also Turner v. Reed,* 22 Or App 177, 180 n 2, 538 P2d 373 (1975). Second, there is no evidence to show that plaintiff's request may have been "unduly burdensome," nor does defendant so contend on appeal. Third, a public body may not refuse to produce records subject to inspection under ORS 192.420 just because the requester already possesses them. Finally, plaintiff's possession of the records does not justify the trial court's refusal to declare that the records were public and subject to disclosure. Defendant's action in turning over the requested records did not resolve all of the issues raised and did not deprive plaintiff of her right to have those issues resolved. *See Kotulski v. Mt. Hood Comm. College,* 62 Or App 452, 660 P2d 1083 (1983).

■ Defendants also argue that the litigation exemption applies. ORS 192.500(a) provides:

> "Records of a public body pertaining to litigation in which the public body is a party if the complaint has been filed, or if the complaint has not been filed, if the public body shows that such litigation is reasonably likely to occur. This exemption does not apply to litigation which has been concluded and nothing in this paragraph shall limit any right or opportunity granted by discovery or deposition statutes to a party to litigation or potential litigation."

In *Lane County School District v. Parks,* 55 Or App 416, 420, 637 P2d 1383 (1981), *rev den* 293 Or 103 (1982), we said:

"Although we do not hold that the Oregon exemption specifically follows every contour of the attorney-client privilege, we think the California approach represents a sound analysis of the litigation exemption. Accordingly, to further the statutory policy that government records be open to the public, we hold that, under ORS 192.500(1)(a), public records are exempt only when the records contain information compiled or acquired by the public body for use in ongoing litigation or, if a complaint has not been filed, if the public body shows that such litigation is 'reasonably likely to occur' * * *."

Defendants made no showing that the limited statutory exemption is applicable.

■ Defendants also argue that, because the records were provided before trial, plaintiff is not entitled to an attorney fee. We read ORS 192.490(3)[4] to require the award of a fee so long as a statutory proceeding was brought and the plaintiff prevails with respect to his claim. *Cf. Kotulski v. Mt. Hood Comm. College, supra* (decided on an assumption that a fee is to be awarded in those circumstances). However, the fact that the requested records were turned over before trial should be taken into account in determining the amount of the fee.

■ The fifth assignment of error claims that the court erred in failing to award an attorney fee under ORS 192.680(1) for violation of the public meetings law. ORS 192.640 provides:

"(1) Any person affected by a decision of the governing body of a public body may commence a suit in the circuit court for the county in which the governing body ordinarily meets, for the purpose of requiring compliance with, or the prevention of violations of ORS 192.610 to 192.690, by members of the governing body, or to determine the applicability of ORS 192.610 to 192.690 to matters or decisions of the governing

---

[4] ORS 192.490(3):

"If a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal. If the person prevails in part, the court may in its discretion award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof. If the state agency failed to comply with the Attorney General's order in full and did not issue a notice of intention to institute proceedings pursuant to ORS 192.450(2) within seven days after issuance of the order, or did not institute the proceedings within seven days after issuance of the notice, the petitioner shall be awarded costs of suit at the trial level and reasonable attorney fees regardless of which party instituted the suit and regardless of which party prevailed therein."

body. The court may order such equitable relief as it deems appropriate in the circumstances. A decision shall not be voided if other equitable relief is available. The court may order payment to a successful plaintiff in a suit brought under this section of reasonable attorney fees at trial and on appeal, by the governing body, or public body of which it is a part or to which it reports."

Plaintiff's second claim was for declaratory relief concerning the meeting on February 21 held in violation of ORS 192.640. With respect to that claim, the trial court made these findings:

"3. Said meeting was held in violation of ORS 192.640 in that notice of such meeting was not given as required by such statute.

"* * * * *

"6. The decision to nonrenew plaintiff was not, in fact, made at said * * * meeting nor impermissibly influenced thereby.

The trial court determined that, although defendants violated ORS 192.640, no decision was made at the meeting that was adverse to plaintiff. An award of an attorney fee under ORS 192.680(1) is discretionary. There is no basis for our saying that the court abused its discretion.

■ We consider the final two assignments of error together. Plaintiff contends that the trial court erred in finding that the parties did not bargain for strict compliance with ORS 342.850 when they entered into the 1980-81 contract. In essence, plaintiff argues that the terms of ORS 342.850 were incorporated into her contract, because the contract was "subject to" the laws of Oregon, although the statute was enacted after the extended term of the contract. In *Maddox v. Clac. Co. Sch. Dist. No. 25, supra,* 293 Or at 33, the court stated:

"Those interests of the parties which exist by virtue of the contract (*e.g.* compensation) may be protected by contract remedies. Plaintiff's freedom from improper termination, however, does not arise from the contract. That interest exists by virtue of the statute. His remedies also exist by virtue of the statute. The contract only acknowledges that its provisions (*e.g.,* term) are 'subject to,' among other things the termination provisions of ORS 342.835. No additional contract right or remedy to enforce the statute is created by the 'subject to' provision."

Plaintiff's entitlement to a statutory evaluation is not protected by a remedy for breach of contract by virtue of the contract's "subject to" provision. There is no other evidence that the parties intended the provisions of ORS 342.850 to be incorporated into the contract. The trial court's ruling was correct.

Affirmed in part; reversed in part; and remanded for entry of a judgment not inconsistent with this opinion.