689 P.2d 958 (1984)
298 Or. 146
EAST COUNTY BARGAINING COUNCIL, Petitioner On Review,
v.
CENTENNIAL SCHOOL DISTRICT NO. 28JT, Respondent On Review.
ERB C-185; CA A27416; SC S31037.
Supreme Court of Oregon, In Banc.
October 30, 1984.
Henry H. Drummonds and Kulongoski, Heid, Durham & Drummonds, Eugene, for petitioner on review.
MEMORANDUM OPINION.
Petitioner seeks review of a decision of the Court of Appeals affirming an order of the Employment Relations Board. The board ruled that respondent school district did not commit an unfair labor practice in refusing to bargain about petitioner's proposal to include in the parties' contract a provision for teacher evaluation procedures identical to evaluation procedures required by a statute, ORS 342.850.
*959 The board held that it would disregard the statute and that under its "balancing test," see Springfield Education Association v. School District, 290 Or. 217, 621 P.2d 547 (1980), the basis and the mechanics of teacher evaluations are a permissive but not a mandatory subject of collective bargaining. Subsequently, in denying reconsideration of this ruling, the board held that the "balance" was not changed because the proposed contract provisions repeated the same procedures that are mandated by ORS 342.850. In a footnote, the board stated:
"We recognize that the rights and duties comprised by the evaluation statute could be enforced in other forums (ERB or arbitration versus circuit court) if they are included in the collective bargaining agreement. We do not consider this apparent preference by the employes for an additional forum to be sufficient to render mandatory a proposal that is otherwise permissive."
The board's "balance" therefore rested on the assumption that contract remedies were only "additional" to other forums for enforcing the statutory evaluation procedures. Subsequent to the board's final order, however, the Court of Appeals decided that there is no legal remedy for violations of the statutory procedures. Smith v. School District No. 45, 63 Or. App. 685, 666 P.2d 1345, rev. den. 295 Or. 773, 670 P.2d 1036 (1983). If this is correct, it may undercut the board's quoted assumption. Petitioner contends that its proposal to include the statutory evaluation procedures in the contract does not concern the procedures themselves but rather aims at providing a contractual remedy for noncompliance in lieu of the missing legal remedy, and it argues that the proposal therefore is akin to "matters concerning ... grievance procedures" which are "employment relations" under ORS 243.650(7) and mandatory subjects of bargaining under ORS 243.672(1)(e) and 243.650(4).[1]
The Court of Appeals did not deal with this argument. Because we think that the Employment Relations Board should have an opportunity to consider the effect of Smith v. School District No. 45, supra, on its analysis of the nature of petitioner's proposal, we allow the petition for review, vacate the decision of the Court of Appeals as to this issue, and remand the board's order to the board for reconsideration in light of this opinion.
NOTES
[1] Although the definition of "collective bargaining" in ORS 243.650(4) literally refers only to a mutual obligation of employees and representatives and employers to "meet at reasonable times and confer in good faith with respect to employment relations," the Employment Relations Board has followed federal precedents under the same language in the National Labor Relations Act to recognize an obligation to bargain in good faith with respect to wages, hours, and other terms and conditions of employment. See Springfield Education Association v. School District, 24 Or. App. 751, 547 P.2d 647 (1976), cf. NLRB v. Wooster Div. of Borg-Warner Corp., 356 U.S. 342, 78 S.Ct. 718, 2 L.Ed.2d 823.