Argued and submitted July 13, judgment vacated, reversed and remanded with instructions to dismiss December 5, 1984

LEANORD,
*Appellant,*

*v.*

BOARD OF DIRECTORS OF JACKSON COUNTY
RURAL FIRE DISTRICT NO. 3 OF THE
STATE OF OREGON et al,
*Respondents.*

(83-1915-NJ-2; CA A30870)

692 P2d 141

Ronald D. Grensky, Medford, argued the cause for appellant. With him on the briefs was Grantland, Smith & Grensky, Medford.

Manville M. Heisel, Medford, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner appeals from the circuit court's judgment upholding respondents' decision to dismiss him. The dispositive issue is whether the circuit court had subject matter jurisdiction. We hold that the circuit court lacked jurisdiction, vacate the judgment and remand for dismissal of the case.[1]

Petitioner was a firefighter for Jackson County Rural Fire District No. 3. In February, 1983, the fire chief of the district, after determining that petitioner had supplied false information on certain employment forms, decided to dismiss him. The chief gave him a copy of a letter setting forth the charges on which the dismissal was based and advised him that he could appeal the decision to the Board of Directors. Petitioner, through counsel, requested a hearing before the Board, which ultimately upheld the dismissal.

A labor agreement between the firefighter's union and the district provided procedures for disciplinary actions taken against employes covered by the agreement, including a hearing before the district's Board of Directors.[2] Pursuant to

---

[1] We therefore do not reach the merits of petitioner's appeal.

[2] The disciplinary procedures provided in the labor agreement are as follows:

"29.3 Disciplinary procedures:

"a) No employee of the District shall be subject to disciplinary action, including dismissal, demotion, suspension or deprivation of special privileges other than written or verbal reprimands or warnings, except for just cause.

"b) The employee subject to the disciplinary action shall receive notice in writing of the proposed action and the reasons therefor and shall have the right, within ten (10) days of receipt of said notice and explanation, to request in writing a hearing before the Board of Directors of the District on the matter. Such a request shall be directed to the Fire Chief.

"c) The Board of Directors of the District shall set a time and place, not more than thirty (30) days from the receipt by the Fire Chief of the request for such hearing, for such hearing on the matter at which time the employee shall be heard and may submit evidence or other testimony. The employee shall be given written notice of the time, date and place of the hearing. The employee shall be entitled to be represented by an attorney or other representative of his choosing. The Fire Chief, or his designee, shall be heard and may submit evidence or other testimony. The Fire Chief, or his designee, shall be entitled to be represented by an attorney or other representative of his choosing. All witnesses shall submit to cross examination. At the conclusion of the hearing, the Board of Directors shall make findings and determinations in the matter.

"d) The hearing shall be closed to the public unless otherwise requested by

the labor agreement, petitioner appealed to the circuit court. Doubting the circuit court's jurisdiction over his appeal, he also filed a petition for a writ of mandamas in the circuit court, ORS 34.110, and an unfair labor practices charge with the Employment Relations Board. *See* ORS 663.180. Those alternate proceedings are in abeyance pending the outcome of this case. The circuit court ruled that it had jurisdiction and upheld petitioner's dismissal.

The issue of jurisdiction is resolved by the Civil Service For Fire Fighters Act, ORS 242.702 to 242.824, which creates a civil service system for firefighters in certain political subdivisions. It provides for the employment, promotion and discipline of firefighters and the creation of an impartial civil service commission to hear claims that the act is not being complied with. Its purpose was explained in *Hendrickson v. Civil Serv. Comm.,* 275 Or 127, 131, 550 P2d 432 (1976):

> "The overall purpose of the legislation was to make employment and retention in employment dependent solely upon merit. In order to insure that this objective was being carried out the legislature created an impartial body to adjudicate charges that the fire district governing bodies and supervisors were violating the act. This body was the Civil Service Commission. Impartiality was sought by providing that no commissioner could be a member of the governing body or an employee of the district. ORS 242.708."

The act establishes disciplinary procedures. Firefighters may be "dismissed, demoted, suspended without pay or deprived of special privileges" only for certain specified causes. ORS 242.796. They are entitled to written notice of

---

the employee requesting the hearing.

"e) If the employee subject to disciplinary action shall fail to request a hearing as in this Article provided, he shall be deemed to have waived objection to the disciplinary action imposed.

"f) The decision of the Board of Directors shall be binding upon the parties to this Agreement and the employee, subject to the right of appeal hereinafter provided.

"g) This Article does not apply to probationary employees.

"h) The employee shall be entitled to appeal any decision of the Board of Directors made pursuant to this Article to the Circuit Court of the State of Oregon for Jackson County, and shall be afforded the same rights, duties and privileges and submit to the same jurisdiction of said Court as is provided in ORS 242.804."

charges against them, ORS 242.798, a public hearing before the civil service commission on demand, ORS 242.800, and representation by counsel at the hearing. ORS 242.800. The act also provides for an appeal to the circuit court from a decision of "the commission." ORS 242.804(1).

Rural fire protection districts, such as Jackson County Rural Fire District No. 3, are political subdivisions subject to the act. ORS 242.702(9). However, certain such subdivisions are exempt from the act under ORS 242.704(1):

"ORS 242.702 to 242.824 do not apply to any political subdivision which under its charter, ordinances or regulations has a civil service system covering the employes of its fire department which substantially accomplishes the general purposes of ORS 242.702 to 242.824. * * *"

Pursuant to the labor agreement between the firefighters' union and the district, a civil service system was created to cover firefighters employed by the district. The disciplinary procedures established are similar to those found in the act, but not identical. The labor agreement does not require a hearing before a civil service commission. Instead, it provides for a hearing before the Board of Directors of the district.

Petitioner argues that the system created under the labor agreement does not substantially accomplish the general purposes of the act, because it does not provide for a hearing before a civil service commission or any other type of impartial review board. Therefore, petitioner argues, the district is not exempted from the act. ORS 242.704(1). Because the act provides for an appeal to the circuit court only from a decision of the "commission," ORS 242.804(1), petitioner concludes that the circuit court had no jurisdiction, because the appeal in this case was not from a decision of any "commission," but from a decision of the Board of Directors.

Respondents argue, first, that petitioner waived his right to object to the court's jurisdiction by filing a petition for review and invoking that court's jurisdiction. Second, they argue that the civil service system created under the labor agreement substantially accomplishes the general purposes of the act, because the labor agreement merely substitutes the Board of Directors for the civil service commission and retains the statutory right to appeal to the circuit court.

■ ■     We reject the argument that petitioner waived his right to object to the circuit court's jurisdiction. He appealed to the circuit court in order to protect his rights in the event that the circuit court was found to have jurisdiction. He asserted the lack of jurisdiction before the circuit court, but the court ruled against him. In any event, subject matter jurisdiction cannot be created by consent, waiver, estoppel or any other conduct of the parties. *Wink v. Marshall,* 237 Or 589, 592, 392 P2d 768 (1964); *Garner v. Garner,* 182 Or 549, 561, 189 P2d 397 (1948).

■     The key question is whether the civil service system created by the labor agreement "substantially accomplishes the general purposes" of the act. This court faced a similar issue in *Myers/Sherwood v. Tualatin RFD,* 5 Or App 142, 483 P2d 95 (1971). We held that because (1) no written notice of charges was served on the dismissed firefighters, (2) the right to counsel had been denied, (3) no independent review board was established and (4) no civil service commission was created, the system established by the fire district was not acceptable in lieu of the statutory system.

In this case, the first two elements found lacking in *Myers/Sherwood* are provided for by the labor agreement. However, as in *Myers/Sherwood,* the latter two are lacking: The district did not establish an independent review board or a civil service commission. The Board of Directors is not an adequate substitute, because it is not designed to be impartial. It is the governing body of the district, *see* ORS 242.702(8); it is the employer. The legislature mandated impartiality by providing that no member of the civil service commission can be a member of the governing body, including the board of directors of a rural fire district. *See* ORS 242.708 and ORS 242.702(8); *Hendrickson v. Civil Serv. Comm., supra.* Impartial review of a disciplinary action against a firefighter is the heart of the disciplinary procedures provided by the act. Because the system established by the labor agreement fails to provide that review, it fails substantially to accomplish the general purposes of the act. *Myers/Sherwood v. Tualatin RFD, supra.* The district failed to establish an adequate substitute civil service system; therefore it is not exempted from the act. ORS 242.704(1); *Myers/Sherwood v. Tualatin RFD, supra.* ORS 242.804(1) provides that "[a]ny decision of the commission * * * may be appealed to the circuit court * * *." "Commission"

means "a civil service commission created under ORS 242.702 to 242.804." ORS 242.702(4). Because petitioner's appeal was not from a decision of a "commission," the circuit court did not have jurisdiction over the direct appeal of a decision of the Board of Directors.

Respondents argue that the Public Employes' Collective Bargaining Act (PECBA), ORS 243.650 to 243.782, somehow dictates a different result. We understand respondents to argue that, under PECBA, the firefighters' union and the district could collectively bargain for any civil service system they desired, provided that it substantially accomplished the purposes of the act, and that the union and the district did just that.[3] To support this argument, respondents point to a section of the labor agreement:

"26.1 The parties to the agreement acknowledge the rights, duties and responsibilities of the parties hereto are established by ORS Chapter 243, the terms, covenants and agreements contained in this agreement and the rules and regulations of Jackson County Fire District No. 3 substantially accomplish the general purposes of ORS 242.702 to 242.824 (Civil Service for Firemen) *[sic]*."

Respondents miss the point. Even assuming that the creation of a civil service system is a proper subject of collective bargaining, respondents concede that the system created still would be required to accomplish substantially the purposes of the act in order for a district to be exempt from the act. The system established in this case simply fails to do so, notwithstanding the parties' understanding that it did.

Judgment vacated; reversed and remanded with instructions to dismiss.

---

[3] Respondents do not argue that PECBA renders the act inapplicable.