LEANORD,
*Respondent,*

*v.*

BOARD OF DIRECTORS OF JACKSON COUNTY
RURAL FIRE DISTRICT NO. 3 et al,
*Appellants.*

(83-2935-NJ-3; CA A45574)

759 P2d 1098

John Blackhurst, Medford, argued the cause for
appellants. With him on the briefs was Kellington, Krack,
Richmond & Blackhurst, Medford.

Bryan E. Blodgett, Medford, argued the cause for respondent. On the brief was Ronald D. Grensky, Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

The board of Jackson County Rural Fire District No. 3 (district) appeals from the judgment in this mandamus action ordering it to reinstate petitioner to his position as a firefighter and to pay back wages and benefits.[1]

This is the second action which we have reviewed arising out of district's firing of petitioner. In the first, *Leanord v. Jackson Co. Rural Fire Dist. No. 3,* 71 Or App 249, 692 P2d 141 (1984), we said:

"Petitioner was a firefighter for Jackson County Rural Fire District No. 3. In February, 1983, the fire chief of the district, after determining that petitioner had supplied false information on certain employment forms, decided to dismiss him. The chief gave him a copy of a letter setting forth the charges on which the dismissal was based and advised him that he could appeal the decision to the Board of Directors. Petitioner, through counsel, requested a hearing before the Board, which ultimately upheld the dismissal.

"A labor agreement between the firefighter's union and the district provided procedures for disciplinary actions taken against employes covered by the agreement, including a hearing before the district's Board of Directors. Pursuant to the labor agreement, petitioner appealed to the circuit court. Doubting the circuit court's jurisdiction over his appeal, he also filed a petition for writ of mandamus in the circuit court, ORS 34.110, and an unfair labor practices charge with the Employment Relations Board. *See* ORS 663.180. Those alternate proceedings are in abeyance pending the outcome of this case. The circuit court ruled that it had jurisdiction and upheld petitioner's dismissal.

"The issue of jurisdiction is resolved by the Civil Service For Fire Fighters Act, ORS 242.702 to 242.824, which creates a civil service system for firefighters in certain political subdivisions. It provides for the employment, promotion and discipline of firefighters and the creation of an impartial civil service commission to hear claims that the act is not being complied with." 71 Or App at 251-52. (Footnote omitted.)

We concluded that the district had not satisfied certain requirements of the Civil Service for Firefighters Act (act),

---

[1] The other respondents are past and present directors of district, and they also appeal. However, they have no relationship to the issues in the appeal which differs from district's, and our references to district apply to all of the respondents.

through the collective bargaining agreement or otherwise. Among the requirements that it had not met was the establishment of a civil service commission or other impartial hearing body, rather than its own board of directors, to review disciplinary actions and from which an appeal could be brought to the circuit court pursuant to ORS 242.804. *See* note 2, *infra.* We held that the court lacked jurisdiction, because there was no commission decision for it to review.

We also said:

"Respondents argue that the Public Employes' Collective Bargaining Act (PECBA), ORS 243.650 to 243.782, somehow dictates a different result. We understand respondents to argue that, under PECBA, the firefighters' union and the district could collectively bargain for any civil service system they desired, provided that it substantially accomplished the purposes of the act, and that the union and the district did just that.[3] To support this argument, respondents point to a section of the labor agreement:

" '26.1 The parties to the agreement acknowledge the rights, duties and responsibilities of the parties hereto are established by ORS Chapter 243, the terms, covenants and agreements contained in this agreement and the rules and regulations of Jackson County Fire District No. 3 substantially accomplish the general purposes of ORS 242.702 to 242.824 (Civil Service For Firemen) [*sic*].'

"Respondents miss the point. Even assuming that the creation of a civil service system is a proper subject of collective bargaining, respondents concede that the system created still would be required to accomplish substantially the purposes of the act in order for a district to be exempt from the act. The system established in this case simply fails to do so, notwithstanding the parties' understanding that it did.

---

[3]

"Respondents do not argue that PECBA renders the act inapplicable." 71 Or App at 255.

In response to the petition for writ of mandamus, district moved to dismiss on the ground, *inter alia,* that the collective bargaining agreement under PECBA prevails over and makes the act inapplicable. The court denied the motion, and district makes that ruling the basis of its first claim of error.

District now makes the argument which we noted that it had not made in the previous case. It casts the argument in terms of whether PECBA supersedes the provisions of the act, and petitioner responds in similar terms. *See AFSCME v. Clackamas County,* 69 Or App 488, 687 P2d 1102 (1984). However, both parties appear to recognize that PECBA has *some* application to employment relations between district and its firefighters and that the collective bargaining agreement between district and petitioner's representative contains provisions relating to employe discipline and discharge.[2] We agree that, whatever bearing other statutes might ultimately be determined to have on the permissible scope and terms of the collective bargaining negotiations and agreement between district and the union, PECBA is initially and facially applicable to those matters. *See Sutherlin Ed. Assn v. Sch. Dist.,* 25 Or App 85, 548 P2d 204 (1976); *see also East Co. Bargaining Council v. Centennial Sch. Dist.,* 298 Or 146, 689 P2d 958 (1984); *Central Point Sch. Dist. v. ERB,* 27 Or App 285, 555 P2d 1269 (1976), *rev den* 277 Or 491 (1977). A discharge of an employe in violation of the agreement would constitute at least a facial unfair labor practice under ORS 243.672(1)(g), and petitioner alleged that his discharge violated the agreement as well as the act.[3]

------

[2] Paragraph 29.3(h) of the bargaining agreement provides for employe appeals from disciplinary actions by the directors, subject to the procedures which ORS 242.804 makes applicable to appeals from civil service commissions. However, as we noted in *Leanord v. Jackson Co. Rural Fire Dist. No. 3, supra,* 71 Or App at 254, "subject matter jurisdiction cannot be created by consent, waiver, estoppel or any other conduct of the parties." The disciplinary provisions of the agreement are quoted in that opinion. 71 Or App at 251, n 2.

[3] Petitioner's allegations concerning the agreement appear in his reply to district's affirmative defenses that PECBA and the agreement are applicable and "superseded the authority of the Civil Service Commission for the District under ORS 242.702 to 242.824 insofar as such authority related to discipline and discharge of firefighters within the bargaining unit of the District." The alternative writs alleged only the statutory violation.

The parties stipulated:

"7. The IAFF Local No. 1817 was, during all material times, and is, a recognized representative of the firefighters employed by the District, and specifically, the petitioner.

"8. The IAFF Local No. 1817 desired to, and did bargain with the district, on matters relating to the rights of the District and procedures for discipline and discharge of employees in the bargaining unit, of which petitioner was a member, represented by IAFF Local No. 1817.

"9. As a result of said bargaining, the District and IAFF Local No. 1817 entered into a written contract covering among other subjects discipline and

In *Trout v. Umatilla Co. School Dist.*, 77 Or App 95, 712 P2d 814 (1985), *rev den* 300 Or 704 (1986), we held that the trial court lacked jurisdiction over the plaintiff employes' claims that their employer had breached a collective bargaining agreement. We explained:

"District argues that the Employment Relations Board has exclusive jurisdiction over any breach of the agreement and that plaintiffs cannot sue District for breach of that contract in circuit court. District is correct.

"ERB has the duty of 'hearing and deciding all unfair labor practice complaints concerning public employes.' ORS 243.676. Contract and arbitration disputes are unfair labor practices. ORS 243.672(1)(g). We have held that ERB has exclusive jurisdiction over unfair labor practice complaints. *School [Dist.] 115 v. OSEA,* 64 Or App 685, 669 P2d 821 [(1983)], *rev den* 296 Or 253 (1984); [*AFSCME*] *v. Executive Dept.* 52 Or App 457, 628 P2d 1228, *rev den* 291 Or 771 (1981); *see also East Co. Bargaining Council v. Centennial Sch. Dist.,* 298 Or 146, 689 P2d 958 (1984); *Smith v. State of Oregon,* 31 Or App 15, 569 P2d 677 (1977), *rev den* 281 Or 99 (1978). The claim should not have been submitted to the jury." 77 Or App at 98-99. (Footnote omitted.)

■ The same reasoning applies here. At least insofar as petitioner's action presents questions concerning the agreement, ERB rather than the circuit court is the exclusive forum. The remaining question is whether petitioner's contention that he was discharged in violation of the act provided the trial court with a subject, independent of the collective bargaining agreement, over which it could exercise jurisdiction.

We conclude that the contractual and statutory issues in the case are necessarily related and that ERB's exclusive jurisdiction extends to both. Petitioner emphasizes that the agreement was a failed attempt to comply with the act, and he argues:

discharge of employees for the period from July 1, 1981, to June 30, 1983. (Joint Exhibit 1). Said agreement reserved to the District the right to discipline and discharge employees in accordance with the law and the provisions of said agreement.

"10. That petitioner was, at all times material herein, a member of the bargaining unit represented by IAFF Local No. 1817 and particularly during the period of the contract covering discipline and discharge referred to in Paragraph 9 * * *."

"Now Respondents argue that the agreement somehow supersedes the Act. Such reasoning exemplifies Respondents' doomed attempt to raise two arguments, one in contravention to the other, in hope of circumventing the legislative intent and mandate of the Act.

"For the purpose of argument, even assuming that the labor agreement superseded the authority of the Civil Service Commission under the Act, the parties did not consider such an issue and therefore, there was no meeting of the minds. The fire fighter's union and the Fire District purposely entered into the collective bargaining agreement in an attempt to substantially accomplish the purposes of the Act. A fundamental principal of contract law requires a meeting of minds as to all the terms and conditions of the subject about which the parties are contracting, without which a contract is deemed not to exist. * * * Thus, as alleged in Petitioner's First Affirmative Reply, there was no meeting of the minds of parties as to the issue of superseding the authority of the Civil Service Commission.

"Moreover, Respondent's contention that the collective bargaining agreement superseded the Act violates the long-standing principle that an agreement made in violation of a statute is void and unenforceable. * * * While illegality was not raised as an affirmative defense, a Judgment involving the determination of a question of law may be raised for the first time on appeal. * * * Thus, to the extent that the agreement can be interpreted as superseding the Act, it is simply void.

"Finally, if the agreement could be construed as superseding the Act, mutual mistake would further operate to make it unenforceable. The parties' written agreement was entered into with a common misunderstanding, i.e., that the agreement was accomplishing the purposes of the Act. If the effect of the agreement would operate to disannul the Act, such a result fails to reflect the intent the parties shared in the antecedent agreement." (Citations omitted.)

Although it may be correct that a primary objective of the negotiations between district and petitioner's union was to meet the statutory requirements, that is not the only thing that they tried to do or did do through the agreement. They also agreed, in section 29.3:

"a) No employee of the District shall be subject to disciplinary action, including dismissal, demotion, suspension or deprivation of special privileges other than written or verbal reprimands or warnings, except for just cause.

"b)   The employee subject to the disciplinary action shall receive notice in writing of the proposed action and the reasons therefor and shall have the right, within ten (10) days of receipt of said notice and explanation, to request in writing a hearing before the Board of Directors of the District on the matter. Such a request shall be directed to the Fire Chief."

The agreement then sets forth hearing and other procedural rights. *See* note 2, *supra.*

The fact that the agreement did not succeed in embodying the requirements of the act does not mean that what it does require cannot be violated, independently of or interdependently with any violations of the act. The specific procedural and substantive deprivations which petitioner ascribes to district's failure to follow the act—notice of the reasons for discipline, hearing rights and just cause for discharge—are as much within the contemplation of the contract as of the statute. The allegations which were—and could be—made concerning the statutory and contractual violations are similar in substance. Moreover, were he to pursue a complaint to ERB for the alleged violations of the agreement, petitioner would not be foreclosed from raising, and ERB would not be precluded from considering, any relevant statutory issues. *See Sutherlin Ed. Assn v. Sch. Dist., supra.*[4] We also note that the scope of ERB's review and remedial authority is at least as broad as that of a circuit court reviewing a civil service commission decision under ORS 242.804. *See* ORS 243.676.[5]

Although the two inquiries would lead to the same conclusion, the jurisdictional question here does not turn on what petitioner *did* allege. The more relevant point is that he *could* have filed an unfair labor practice complaint with ERB. Neither his contention that the discharge violated the act nor his protestations that the collective bargaining agreement also contravenes the act are sufficient to take him outside ERB's exclusive jurisdiction or to bring him within the trial court's

---

[4] Our earlier observation that a violation of the agreement could give rise to a complaint under ORS 243.672(1)(g) does not imply that other provisions of PECBA might not also be implicated.

[5] We have not been advised of the disposition, if any, of the ERB proceeding which we noted in *Leanord v. Jackson Co. Rural Fire Dist. No. 3, supra,* that petitioner had filed.

jurisdiction. This is a controversy between a public employer and a public employe over an employment-related matter which is covered by a collective bargaining agreement.

The basis for our decision makes it unnecessary for us to resolve district's broader contention that PECBA's applicability renders the act inapplicable. In *AFSCME v. Clackamas County, supra,* we held that the county was required to bargain with the union about certain subjects, pursuant to PECBA, notwithstanding the existence of a county civil service system which had been adopted pursuant to ORS chapter 241 and which purported to regulate the subjects. This case differs in two salient respects: here, there is a consummated collective bargaining agreement which deals with the subject of employe discharge, and district does not have a system which deals with that subject in the manner the civil service statutes prescribe. Because PECBA is applicable and an agreement with disciplinary provisions has been reached under it, ERB has jurisdiction and the circuit court did not. Whether or not the ORS chapter 242 provisions could also have been applicable or can remain so, notwithstanding the agreement, are questions for ERB's initial decision.

Judgment vacated.