Argued and submitted December 15, 2000, judgment vacated; remanded with instructions May 9, 2001

## OREGON ENERGY COMPANY, LLC,
*Appellant,*

*and*

## ST. HELEN'S CO-GEN, LLC,
*Plaintiff,*

*v.*

## PUBLIC UTILITY COMMISSION,
*Respondent,*

*and*

## PORTLAND GENERAL ELECTRIC COMPANY,
*Intervenor-Respondent.*

98C-17016; A106611

23 P3d 1018

Ann L. Fisher argued the cause for appellant. With her on the briefs was AF Legal & Consulting Services.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Barbee B. Lyon argued the cause for intervenor-respondent. With him on the brief was Tonkon, Torp, LLP.

Before Edmonds, Presiding Judge, and Armstrong and Wollheim, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

■    Plaintiff Oregon Energy Company, LLC (OEC), appeals a judgment of the Marion County Circuit Court affirming a decision of defendant Public Utilities Commission (PUC). In that decision, the PUC concluded that neither federal nor state law required defendant Portland General Electric (PGE) to purchase electricity from a proposed cogeneration facility under the terms of a contract that OEC had presented to PGE. We do not reach the merits because we hold that the complaint did not give the circuit court jurisdiction over the dispositive PUC order. We therefore vacate the judgment and remand with instructions to dismiss the case.[1]

We describe only the facts that are relevant to the trial court's jurisdiction. PGE initiated the case before the PUC in order to obtain a declaration that PGE was not required to accept the contract that OEC had presented to it. On February 17, 1998, the PUC entered its final order in the case, Order 98-055, ruling in PGE's favor. At the end of the order, the PUC included a reference both to the right to request PUC reconsideration and to the right of any party to seek immediate judicial review of the order pursuant to the applicable law. OEC chose to ask the PUC to reconsider its decision before seeking judicial review. It filed its petition for reconsideration on April 16, which was within the period that ORS 756.561(1) provides for seeking reconsideration. The PUC denied reconsideration on June 12 in Order 98-238, in which it discussed and rejected the arguments that OEC had made on reconsideration. Other than deleting an inconsequential sentence,[2] the PUC adhered to Order 98-055. The

---

[1] Plaintiff points out that PGE, but not the PUC, raised the jurisdictional issue in its brief. It argues that the PUC therefore waived that issue. Because the question affects the trial court's subject matter jurisdiction, it is not waivable. *See Leanord v. Jackson Co. Rural Fire Dist. No. 3*, 71 Or App 249, 254, 692 P2d 141 (1984).

[2] In seeking summary disposition of the case, PGE relied on three grounds to support its position on the merits. In Order 98-055 the PUC discussed and agreed with all three. Nevertheless, the order included the following sentence: "Because we resolve the dispute on the basis of the first issue, we do not discuss the second and third reasons listed above." In Order 98-238 the PUC deleted that sentence from Order 98-055.

last page of Order 98-238 contained a statement of the parties' right to judicial review pursuant to the applicable law.

ORS 756.580 gives the circuit court subject matter jurisdiction to review PUC orders:

> "(1)   A party to any proceeding before the Public Utility Commission, *when aggrieved by any findings of fact, conclusions of law or order*, including the dismissal of any complaint or application by the commission, may prosecute a suit against the commission to modify, vacate or set aside such *findings of fact, conclusions of law or order*.
>
> "(2)   Such suit may be commenced by any party so aggrieved in the Circuit Court for Marion County, in the circuit court for the county in which any hearing has been held in the proceeding in which the order was made, or in the circuit court for the county in which is located the principal office of any defendant in any such proceeding before the commission, and jurisdiction of any such suit hereby is conferred upon the circuit court for any of such counties to hear and determine such suit." (Emphasis supplied.)

The circuit court's jurisdiction, thus, is to review the "findings of fact, conclusions of law or order" that the plaintiff identifies in its complaint as the things that aggrieve it. We therefore look to OEC's complaint to determine whether it properly invoked the circuit court's jurisdiction under the statute.

■   OEC filed this action on August 11, 1998. In the first paragraph of its complaint, it identified the order for which it sought judicial review and some of the issues on which it intended to rely:

> "This is an action pursuant to ORS 756.580 for judicial review of Order No. 98-238 and the interlocutory orders which preceded it including 96-137 and the 'memorandum' ruling that followed it. A true copy of Order 98-238 is attached as Exhibit A. In that Order, the Commission denied OEC's motion for reconsideration and in so doing denied OEC's [*sic*] its due process rights. The Commission's decision is not based upon substantial evidence and improperly discriminates against OEC."

OEC did not in fact attach Order 98-238 or any other PUC order to the complaint. In paragraph 20 of the complaint, OEC described a number of ways in which, it asserted, Order

98-238 was defective. The complaint does not expressly refer to Order 98-055 or to any defects in it. Thus, the only order that OEC brought before the circuit court was Order 98-238. Although the PUC further explained its reasoning in that order, the only thing that Order 98-238 actually did was to adhere to the decision that the PUC had reached in Order 98-055, leaving that order in effect. The jurisdictional issue is whether, by seeking review of Order 98-238, OEC gave the trial court jurisdiction over the PUC's dispositive "findings of fact, conclusions of law, or order."

■ ORS 756.580(1) requires that, before an order can be reviewable, the PUC must take some action—find a fact, make a legal conclusion, or order someone to engage in some specific conduct. That requirement is consistent with the usual rule that a court hearing an appeal or otherwise reviewing a lower body's actions normally has jurisdiction only over the lower body's final action. Although this often means that a party must wait for the final action before seeking review, it also means that a decision refusing to change a previous final action is not a subject for appeal. Thus, an order denying a motion to set aside or vacate an existing judgment and grant a new trial is not an appealable order, and an order denying a motion to set aside or vacate a final administrative decision is not subject to judicial review. *See Unemployment Comp. Com. v. Bates*, 227 Or 357, 362 P2d (1961); *Cruz v. Board of Parole*, 53 Or App 263, 631 P2d 829, *rev den* 291 Or 893 (1981).

Under ORS 756.580(1), Order 98-238 would be reviewable only to the extent that it constitutes the effective PUC action—which it does not. Order 98-055 contains the PUC's only findings of fact, conclusions of law, or dispositive order.[3] Order 98-238 simply affirmed those actions, with some additional explanation. It does not contain any additional finding, conclusion, or disposition.[4] If the PUC erred in ways that are subject to judicial review under ORS

---

[3] Under ORS 756.561(2), a party that seeks reconsideration of a PUC order must comply with that order pending the decision on reconsideration unless the PUC specifically orders otherwise. There was no such order in this case. Thus, Order 98-055 remained the effective order at all times after its entry.

[4] The PUC did not withdraw the order at any point. *Cf.* ORS 183.482(6) (agency authority to withdraw orders for reconsideration under the APA).

756.580(1), it did so in Order 98-055. OEC did not, however, seek review of that order in the circuit court and thus did not invoke the court's jurisdiction concerning that order.[5]

■ It was essential to the circuit court's jurisdiction under ORS 756.580 that OEC expressly describe the PUC's "findings of fact, conclusions of law or order" by which OEC claimed that it was aggrieved. In that way, OEC would have identified the PUC finding, conclusion, or order that the circuit court had jurisdiction to review. To give the trial court jurisdiction, OEC had to identify the challenged order in the complaint, and that order had to be subject to judicial review under the statute. That requirement is comparable to the rule that, in order to confer jurisdiction on an appellate court, the notice of appeal must identify the judgment being appealed and that judgment must be appealable. Thus, a notice of appeal from an order denying a motion for judgment notwithstanding the verdict is insufficient to give the appellate court jurisdiction over the original judgment. *Stahl v. Krasowski*, 281 Or 33, 573 P2d 309 (1978).

In its complaint, OEC also stated that it sought review of the interlocutory orders that preceded Order 98-238.[6] That statement appears to reflect the general rule that an appeal from a final judgment permits the appellate court to review all of the intermediate orders that preceded it. *See* ORS 19.425. Assuming that that approach applies to PUC cases, Order 98-055 was not an interlocutory order. Rather, it was the order in which the PUC disposed of the case on the merits. It was comparable to a final judgment in a judicial proceeding or a final order in a contested case under the Administrative Procedures Act, ORS 183.310 to ORS 183.550. As we have discussed, it is not possible to gain appellate review of those decisions by appealing or seeking review of orders denying reconsideration of the final decision.

---

[5] Under ORS 756.580(4), OEC's complaint would have been timely as to both Order 98-055 and Order 98-238.

[6] The only supposedly interlocutory PUC order to which OEC specifically referred was Order 96-137. However, the PUC entered that order in a different proceeding, and it was subject to judicial review on its entry. It was not an interlocutory order in this case.

ORS 756.528 does give a party a choice of when to seek review of certain PUC orders:

> "At any time before the conclusion of the taking of evidence in a proceeding, the Public Utility Commission may segregate the issues involved and order separate hearings thereon at such times and places as the commission may prescribe. The commission may issue interim orders on any such issues, but any such interim order is subject to judicial review in the manner prescribed in ORS 756.580 to 756.610 without awaiting determination of any of the other issues involved in the proceeding. Failure to seek judicial review of an interim order does not waive the right to seek such review following [the] final order."

Under that statute, the PUC may segregate the issues in a case for separate hearings and render a series of interim orders. When it does so, the parties may choose either to seek judicial review of one or more interim orders separately or to wait until the conclusion of the proceeding to seek review of all of the orders. In this case, however, the PUC did not segregate the issues for a series of hearings and orders. In Order 98-055, it resolved the entire case on cross-motions for summary disposition. That order was a final order, not an interim order of the kind that ORS 756.528 contemplates. The statute thus does not modify the normal rule that seeking judicial review of an order denying reconsideration does not bring the original dispositive order before the court.

Because OEC's complaint did not give the circuit court jurisdiction over Order 98-055, and because the only issues that OEC raises concerning Order 98-238 are issues that the PUC resolved in Order 98-055, the circuit court did not have jurisdiction over this case.

Judgment vacated; remanded with instructions to dismiss for lack of subject matter jurisdiction.