Argued and submitted May 19, reversed and remanded September 10, 1986

## AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 75,
*Appellant,*

*v.*

## CITY OF ALBANY,
*Respondent.*

(84-1595; CA A36204)

725 P2d 381

Barbara J. Diamond, Portland, argued the cause for appellant. With her on the brief were Liana Colombo and Kulongoski, Durham, Drummonds & Colombo.

James V. B. Delapoer, Albany, argued the cause for

respondent. With him on the brief were Merle A. Long and Long, Delapoer, Koos & Healy, Albany.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

This is a proceeding for a declaratory judgment under the Public Records Act. ORS 192.450(2); ORS 192.460. Plaintiff appeals from an adverse judgment,[1] assigning as error the trial court's refusal to require defendant to produce the Social Security numbers of its employes. The trial court held that federal law prohibits the production of the numbers. We reverse and remand.

In June and July, 1984, an agent of plaintiff asked to inspect defendant's payroll records. Defendant refused on the ground that Social Security numbers are exempt from disclosure under the Public Records Act as confidential information. ORS 192.500(2)(b), (c). Plaintiff then filed a petition with the Linn County District Attorney, asking him to order the county to make the disclosure. The district attorney refused to order disclosure. Plaintiff then filed this action, seeking a declaration that the numbers are not exempt and an injunction ordering defendant to produce them. Defendant asserted that the records are exempt from disclosure under ORS 192.500(2)(b), as information of a personal nature, and under ORS 192.500(2)(c), as information submitted in confidence. The trial court rejected those arguments but held that the information is exempt, because federal law forbids its disclosure. ORS 192.500(2)(g).[2] The court was correct as to ORS 192.500(2)(b) and ORS 192.500(2)(c), and defendant does not argue otherwise on appeal. *See Kotulski v. Mt. Hood Comm. College,* 62 Or App 452, 660 P2d 1083 (1983). The federal law issue is more complicated.

Defendant relies on section 7(b) of the Privacy Act of 1974, 5 USC §552a note, and on § 205 of the Social Security Act, as amended, 42 USC § 405(c)(2)(C),[3] to show that federal

---

[1] The trial court document from which plaintiff appeals is entitled "Judgment Order." The title is internally inconsistent and improper. *Ensley v. Fitzwater,* 293 Or 158, 162 n 2, 645 P2d 1062 (1982); *King v. Talcott,* 80 Or App 701, 704 n 1, 723 P2d 1058 (1986). However, the document in question resolved all the issues between the parties, and they treat it as a judgment. We do so also.

[2] Plaintiff argues that the trial court erred by deciding the case on that ground, because defendant did not assert it in its pleadings. It is not an affirmative defense which defendant was required to plead. Rather, it is a question of which law applies to the facts of the case. The court did not err.

[3] This provision was added in 1976. Public Law 94-455, 90 Stat. 1711.

law prohibits it from disclosing its employes' Social Security numbers. Both acts reflect Congress' concern with the increasing use of the numbers as universal identifiers and its desire to control that use. Both place limits on a state or local government's ability to require individuals to disclose their numbers to the government. However, neither provision controls the government's use of numbers which it has acquired in the circumstances of this case.

Section 7 of the Privacy Act of 1974 provides:

"(a)(1)   It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

"(2)      the provisions of paragraph (1) of this section shall not apply with respect to—

"(A)   any disclosure which is required by Federal statute, or

"(B)   the disclosure of a social security number to any Federal, State or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

"(b)   Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it."

The apparent purpose of this section is to define the circumstances in which a government may require individuals to disclose their numbers, to allow individuals to make informed choices about whether to disclose their numbers in other circumstances and to provide protection for individuals who decide not to make voluntary disclosure. Nothing in the act expressly prohibits the government from disclosing the numbers once they are in its possession.[4]

---

[4] We need not consider what remedies, if any, an individual would have against a government which used a voluntarily-disclosed number for purposes other than those of which it had informed the individual when the government requested it.

Section 205 of the Social Security Act, 42 USC § 405(c)(2)(C), provides, in part:

"(i)    It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Secretary for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Secretary.

"(ii)    If and to the extent that any provision of Federal law heretofore enacted is inconsistent with the policy set forth in clause (i) of this subparagraph, such provision shall, on and after October 4, 1976, be null, void, and of no effect.

"(iii)    For purposes of clause (i) of this subparagraph, an agency of a State (or political subdivision thereof) charged with the administration of any general public assistance, driver's license, or motor vehicle registration law which did not use the social security account number for identification under a law or regulation adopted before January 1, 1975, may require an individual to disclose his or her social security number to such agency solely for the purpose of administering the laws referred to in clause (i) above and for the purpose of responding to requests for information from an agency operating pursuant to the provisions of part A or D of subchapter IV of this chapter."

That statute enlarges the circumstances in which state and local governments may require the disclosure of Social Security numbers and thereby reduces the limitations provided in section 7(a) of the Privacy Act. State and local government may require *those* disclosures "*solely* for the purpose of administering the laws" described in the statute. 42 USC § 405 (2)(C)(iii). That subsection of the statute may prohibit further disclosure of numbers acquired under its authority, but it does not prohibit disclosure in this case. The county did not obtain the numbers in question for the purposes the subsection describes; it obtained them as an employer. Defendants have directed us to no statute prohibiting an employer's disclosure of an employe's number, and we have found none.

Congress did prohibit disclosures of personal records, apparently including Social Security numbers, in another part of the Privacy Act. 42 USC § 552a(b). However, those prohibitions apply only to federal agencies and do not restrict disclosures otherwise required under the Freedom of Information Act, 5 USC § 552, which is the federal analogue of the Public Records Act. 5 USC § 552a(b)(2).

So far as we can discern from the statute and the legislative history, Congress' concern has been with governmental use of Social Security numbers in administering programs which affect large segments of the population. That is where Congress has perceived the threat that the numbers may become universal identifiers and where it has restricted governmental acquisition and, possibly, disclosure of them. Congress simply has not regulated the uses which a state or local government may make of the numbers which government employes provide for Social Security and tax purposes. We therefore hold that Social Security numbers of government employes are not "public records or information the disclosure of which is prohibited by federal law or regulations * * *." ORS 192.500(2)(g). The trial court erred in refusing to order defendant to comply with plaintiff's request.

Reversed and remanded.